2004 ND 191

**Andrew HECKELSMILLER, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

**No. 20040111.**

Supreme Court of North Dakota.

Oct. 12, 2004.

Donavin L. Grenz, Linton, ND, for petitioner and appellant.

Tyrone J. Turner, Assistant State's Attorney, Bismarck, ND, for respondent and appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Andrew Heckelsmiller appealed from a South Central Judicial District Court memorandum opinion containing an order denying post-conviction relief. Andrew Heckelsmiller was charged with committing criminal trespass, a class C felony, and was found guilty by a jury verdict. Andrew Heckelsmiller appealed his conviction to this Court. We affirmed the judgment of conviction but allowed him to raise a claim of ineffective assistance of counsel in a post-conviction proceeding. *State v. Heckelsmiller*, 2004 ND 3, ¶ 2, 676 N.W.2d 813. Andrew Heckelsmiller's claim of ineffective assistance of trial counsel was examined during a post-conviction proceeding and, following an evidentiary hearing, the district court issued a memorandum opinion and order denying relief. We hold trial counsel's representation constituted ineffective assistance of counsel and we reverse the district court's order denying post-conviction relief.

[¶ 2] Andrew Heckelsmiller was convicted on August 29, 2002, of the crime of criminal trespass, a class C felony. N.D.C.C. § 12.1–22–03(1), Criminal trespass, provides: "A person is guilty of a class C felony if, knowing that he is not licensed or privileged to do so, he enters or remains in a dwelling or in highly secured premises." Andrew Heckelsmiller and a friend entered a trailer house owned by Andrew Heckelsmiller's uncle, Tim Heckelsmiller. Upon being discovered, Andrew Heckelsmiller fled the trailer house through a back window and was later arrested. Andrew Heckelsmiller testified that everyone in his family had a right to stay at the trailer house while in Bismarck because his grandmother, Donna Heckelsmiller, repaid a loan associated with the trailer house. In his subsequent motion for post-conviction relief, Andrew Heckelsmiller raised a number of claims of ineffective assistance of trial counsel.

I.

[¶ 3] The Sixth Amendment of the United States Constitution, made applicable to the states through the Fourteenth Amendment, and Article I, § 12 of the North Dakota Constitution guarantee a criminal defendant effective assistance of counsel. *DeCoteau v. State*, 1998 ND 199, ¶ 6, 586 N.W.2d 156. In accord with the test established by the United States Su-

preme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a defendant claiming ineffective assistance of counsel has a heavy burden of proving (1) counsel's representation fell below an objective standard of reasonableness, and (2) the defendant was prejudiced by counsel's deficient performance. *DeCoteau*, 1998 ND 199, ¶ 6, 586 N.W.2d 156 (citing *Mertz v. State*, 535 N.W.2d 834, 836 (N.D.1995)). "Effectiveness of counsel is measured by an 'objective standard of reasonableness' considering 'prevailing professional norms.'" *Lange v. State*, 522 N.W.2d 179, 181 (N.D.1994) (quoting *Strickland*, 466 U.S. at 688, 104 S.Ct. 2052). The defendant must first overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Stoppleworth v. State*, 501 N.W.2d 325, 327 (N.D. 1993) (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052). Trial counsel's conduct is presumed to be reasonable and courts consciously attempt to limit the distorting effect of hindsight. *Lange*, 522 N.W.2d at 181.

[¶ 4] The prejudice element requires a defendant to "establish a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different." *Syvertson v. State*, 2000 ND 185, ¶ 22, 620 N.W.2d 362. Not only does a criminal defendant have "the heavy, demanding burden of proving counsel's assistance was ineffective," *Mertz v. State*, 535 N.W.2d 834, 836 (N.D.1995) (internal quotations omitted), a defendant claiming ineffective assistance of counsel "must specify how and where trial counsel was incompetent and the probable different result." *State v. Palmer*, 2002 ND 5, ¶ 11, 638 N.W.2d 18. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. "If it

is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.* at 697, 104 S.Ct. 2052.

[¶ 5] Post-conviction relief proceedings are civil in nature and are governed by the North Dakota Rules of Civil Procedure. *Varnson v. Satran*, 368 N.W.2d 533, 536 (N.D.1985). The issue of ineffective assistance of counsel is a mixed question of law and fact that is fully reviewable by this Court. *Breding v. State*, 1998 ND 170, ¶ 4, 584 N.W.2d 493 (citing *Falcon v. State*, 1997 ND 200, ¶ 21, 570 N.W.2d 719). Nonetheless, a trial court's findings of fact in a post-conviction relief proceeding will not be disturbed unless clearly erroneous. N.D.R.Civ.P. 52(a); *Frey v. State*, 509 N.W.2d 261, 263 (N.D. 1993). A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support the finding, a reviewing court is left with a definite and firm conviction a mistake has been made. *Burlington Northern and Sante Fe Railway Co. v. Burlington Resources Oil & Gas Co.*, 1999 ND 39, ¶ 10, 590 N.W.2d 433.

## II.

[¶ 6] Andrew Heckelsmiller's most significant claim for ineffective assistance of his trial counsel involves the sequestration of witnesses at trial. Specifically, trial counsel requested the sequestration of witnesses at trial, yet two potential witnesses for the defense, Donna Heckelsmiller and William Heckelsmiller, Andrew Heckelsmiller's grandmother and father, were denied the opportunity to testify because they did not comply with the sequestration order. For purposes of the post-conviction proceeding, these witnesses prepared affidavits to establish what their testimony

would have been at trial. Donna Heckelsmiller would have testified to her payment of a loan associated with the trailer house and the existence of a subsequent agreement between herself and Tim Heckelsmiller that allowed family members, such as Andrew Heckelsmiller, to stay in the trailer house while in Bismarck. William Heckelsmiller would have offered testimony supporting the existence of this family agreement. William Heckelsmiller would have further testified that he told Andrew Heckelsmiller to stay at the trailer house on the evening in question. Finally, William Heckelsmiller would have testified as to Tim Heckelsmiller's alleged resentment toward Andrew Heckelsmiller and to his belief that Andrew Heckelsmiller "fled the trailer house because he knew that Tim Heckelsmiller would chew him out or give him a bad time for being there, in spite of the family policy."

[¶ 7] During the post-conviction evidentiary hearing, trial counsel justified his strategies and actions during the course of the trial. Trial counsel stated he requested additional information from Andrew Heckelsmiller, Heckelsmiller's grandmother, and Heckelsmiller's father to validate their claims, but that he failed to receive any such corroborating information. He testified he was aware of the evidence Donna and William Heckelsmiller sought to offer but, having considered this unsubstantiated evidence, he chose not to put these witnesses on the stand due to credibility concerns. And, given that he did not plan to call Andrew Heckelsmiller's grandmother or father to testify, there was no need to sequester them.

[¶ 8] At some point during the trial, counsel apparently decided to change his trial strategy and call Donna and William Heckelsmiller to testify. Such a shift in strategy may not be uncommon or even undesirable, and we do not attempt to second-guess trial strategies or tactics. Trial counsel indicated he only altered his trial strategy and called Andrew Heckelsmiller's father and grandmother to the stand in an effort to accommodate the family members' strong desire to testify. But, because Donna and William Heckelsmiller were present in the courtroom during previous witnesses' testimony, the State promptly objected to their testimony and the district court judge refused to let them testify due to the sequestration order. At this point, trial counsel should have made an offer of proof as to why these individuals should be allowed to testify despite the sequestration violation. An offer of proof is defined as:

A presentation of evidence for the record (but outside the jury's presence) usually made after the judge has sustained an objection to the admissibility of that evidence, so that the evidence can be preserved on the record for an appeal of the judge's ruling. An offer of proof, which may also be used to persuade the court to admit the evidence, consists of three parts: (1) the evidence itself, (2) an explanation of the purpose for which it is offered (its relevance), and (3) an argument supporting admissibility.

*Black's Law Dictionary* 1112 (7th ed.1999).

[¶ 9] Trial counsel did not, however, make an offer of proof or any other affirmative argument to justify calling these witnesses to testify. Even granting trial counsel all reasonable inferences that can be drawn from his testimony, counsel's trial performance is ineffective in this one discrete, yet critically important, aspect. The only defense trial counsel anticipated offering, and in fact the only defense offered, was the defense involving the family arrangement to stay at the trailer house. Further, trial counsel testified that, at the beginning of the trial, he only anticipated

calling Andrew Heckelsmiller as a witness. While trial counsel was under no obligation to call any defense witness he did not believe to be credible, he obviously developed enough confidence in these two witnesses to call them to the stand. His reasoning that he only called these witnesses to accommodate the family's desire to testify is no excuse for not making an offer of proof once their testimony was challenged. When counsel consciously altered his trial strategy and decided to call Donna and William Heckelsmiller to testify, he assumed a basic responsibility to vindicate that alteration. Trial counsel's concerns over credibility may have provided a valid justification for not anticipating calling either of these witnesses and, thus, not initially ensuring compliance with the sequestration order, but these same concerns do not justify the decision to essentially abandon the new strategy to call the witnesses.

[¶ 10] Given that N.D.C.C. § 12.1–22–03(1) requires knowing misconduct, trial counsel should have made a strong offer of proof to the district court judge. Both Donna and William Heckelsmiller, who would have been the only other defense witnesses besides Andrew Heckelsmiller to testify, would have offered corroborating testimony to bolster Andrew Heckelsmiller's only defense, the family arrangement to stay at the trailer house. William Heckelsmiller would have testified he gave Andrew Heckelsmiller permission to stay at the trailer house, which could directly impact a jury's determination of whether Andrew Heckelsmiller possessed the requisite mental state to be guilty of criminal trespass. William Heckelsmiller would have testified as to Tim Heckelsmiller's allegedly negative feelings toward Andrew Heckelsmiller, which could have worked to explain Andrew Heckelsmiller's flight from the trailer house. Trial counsel should also have pointed out that Donna and Wil-

liam Heckelsmiller apparently did not observe a significant quantity of the State's case that would have been directly relevant to their testimony. And, at the very least, trial counsel should have asked the court to inquire into the testimony that Donna and William Heckelsmiller did observe. If the district court judge nonetheless excluded this testimony, trial counsel would have preserved the record for appeal, permitting a meaningful appellate review of the trial judge's refusal to allow the witnesses to testify. *Cf. Whiteman v. State*, 2002 ND 77, ¶ 10, 643 N.W.2d 704 (applying the two-part test for ineffective assistance of counsel to a failure to file a notice of appeal, which results in a forfeiture of judicial process).

[¶ 11] Counsel's representation fell below an objective standard of reasonableness when, after calling Donna and William Heckelsmiller to the stand and discovering that they had not complied with a defense-requested sequestration order, he made no offer of proof as to the substance of their testimony, despite this testimony being critical to corroborating Andrew Heckelsmiller's only proffered defense.

[¶ 12] Is there a reasonable probability that, but for trial counsel's error, the result of the trial would have been different? *Syvertson*, 2000 ND 185, ¶ 22, 620 N.W.2d 362. In this regard, it is important to note the crime with which Andrew Heckelsmiller was charged. The criminal trespass statute provides: "A person is guilty of a class C felony if, *knowing* that he is not licensed or privileged to do so, he enters or remains in a dwelling or in highly secured premises." N.D.C.C. § 12.1–22–03(1) (emphasis added). We need not speculate whether or not a reasonable probability exists that Andrew Heckel-

smiller would have been acquitted of a crime requiring knowing misconduct if Donna and William Heckelsmiller were allowed to corroborate Andrew Heckelsmiller's only defense, and if William Heckelsmiller were allowed to testify he told Andrew Heckelsmiller to stay in the trailer house on the evening in question and were to offer an explanation for why Andrew Heckelsmiller fled the trailer house. Rather, the significant point is that counsel's failure to make an offer of proof prevented a meaningful appeal on the issue of whether or not Donna and William Heckelsmiller should have been allowed to testify. *Heckelsmiller*, 2004 ND 3, ¶ 1, 676 N.W.2d 813; *cf. Whiteman*, 2002 ND 77, ¶ 17, 643 N.W.2d 704 (overruling cases that can be construed to require defendant to demonstrate how appeal would have been meritorious in order to establish that defendant was prejudiced by attorney's failure to preserve a requested appeal).

[¶ 13] Accordingly, the denial of postconviction relief is reversed and the case is remanded to the district court for a new trial.

[¶ 14] DALE V. SANDSTROM, WILLIAM A. NEUMANN, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.