2005 ND 202

**Anthony Charles MATTHEWS,
Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent
and Appellee.**

No. 20050068.

Supreme Court of North Dakota.

Nov. 29, 2005.

Tracy A. Gompf (on brief), Fargo, ND, for petitioner and appellant.

Reid A. Brady (on brief), Assistant State's Attorney, Fargo, ND, for respondent and appellee.

KAPSNER, Justice.

[¶ 1] Anthony Matthews appealed from a judgment dismissing his application for post-conviction relief. We affirm, holding conclusory allegations that counsel failed to call certain witnesses do not support a claim of ineffective assistance of counsel.

I.

[¶ 2] A frantic 911 call reported that Matthews and Bobby Murray were being held by four or five individuals who had guns somewhere on a farm near Horace. The 911 caller identified herself as Kim Fox, Murray's mother-in-law. The 911 caller reported Murray told Star Fox the gunmen were allowing him an opportunity to make one last phone call to say goodbye. The 911 dispatcher called the telephone company to place a trace on the call to Star Fox's telephone in order to determine where Murray's call had originated. While waiting for the phone company to trace the call, the dispatcher learned the location of Matthews' house in Fargo. Fargo police officers were dispatched to Matthews' home. When they arrived, they noticed that lights were on in the house, but no one answered the door when the officers knocked. The officers left the house.

[¶ 3] The phone company reported to the dispatcher that it was unable to trace the phone call from Murray. The officers decided they had to enter Matthews' house in Fargo, without a warrant, in order to find information that might lead the officers to the Horace location. They returned to the house approximately one hour after the first attempt to find some-one at Matthews' house. Once inside Matthews' house, the officers searched for business records. During the search of the house, they discovered marijuana and a digital scale in a closet in a sealed garbage bag underneath some other materials in an upstairs bedroom. Matthews moved to suppress the evidence discovered from the warrantless search of his house. He claimed the police had no grounds to believe an emergency was taking place at his house in Fargo because the call related to an event in Horace.

[¶ 4] Matthews' motion to suppress was denied. He conditionally pled guilty to possession of marijuana with intent to deliver and possession of drug paraphernalia, but reserved his right to appeal the denial of his motion to suppress the marijuana evidence. On Matthews' direct appeal, a majority of this Court affirmed the district court's decision not to suppress the evidence. *See State v. Matthews,* 2003 ND 108, 665 N.W.2d 28.

[¶ 5] Matthews filed an application for post-conviction relief arguing he received ineffective assistance of counsel because his trial counsel failed to subpoena additional witnesses for his hearing to suppress the marijuana evidence. Matthews claimed that he was prejudiced by the lack of testimony from these witnesses. At his hearing for post-conviction relief, Matthews testified as to what he believed the additional witnesses might have said. Matthews testified these witnesses would have shown the search of his house was done for improper purposes and that the credibility of the police could be attacked.

[¶ 6] The potential witnesses break down into three areas: (1) Star and Kim Fox would have testified that they knew Matthews' cell phone number which the police could have called to determine

where Matthews was being held at gun point; (2) several police officers could have testified about the police department's past knowledge of Matthews' drug activity and they could also contradict the testimony of an officer who did testify at the suppression hearing against Matthews; and (3) Bobby Murray could have testified about the purpose of his call to Star Fox. Matthews claims Murray knew they were not actually being held at gun point.

[¶ 7] The State argues the district court properly determined Matthews did not receive ineffective assistance of counsel. The State claims Matthews failed to present admissible evidence regarding what the potential witnesses might have said. Furthermore, the State argues Matthews did not adequately demonstrate how the results in the case would be different had these potential witnesses testified at his motion to suppress hearing.

[¶ 8] Matthews' trial counsel testified at the post-conviction hearing for the State. Trial counsel discussed his role in preparing the case noting that he thought the motion to suppress would likely win. He also testified that subpoenaing certain witnesses was not discussed.

Q  Did Mr. Matthews give you any instructions on subpoenaing witnesses or on what to do at the motion hearing?

A  We discussed the fact that the burden was on the State once we raised the issue. There was never any discussion about subpoenaing Ms. Roberts because there was never any indication—and, unfortunately, I think it's hindsight on Tony's part—there was never any indication that law enforcement had his cell phone number. She may well have had the cell phone number. She may well have been in a position to give it to law enforcement. But there was never any indication, either from Tony or in the reports, that that information was ever relayed to law enforcement. Frankly, if it had been relayed to law enforcement, I'm sure that they would have tried to reach Mr. Matthews.

Q  Did you contemplate subpoenaing the other officers?

A  They were sub—Mr. Boening subpoenaed Pallas and the other officer's name escapes me at the present time.

Q  That would be Potter or Such?

A  Potter.

Q  Were you intending to examine the other officers?

A  Well, I had assumed that they would have—would have attempted to explain away the holes in the police reports and the problems that we saw with the time line. Again, I think I indicated to Mr. Boening before the hearing we wondered where Potter was. I didn't see his nonappearance as being particularly damaging because, again, we were more than satisfied with the time line that was established in those police reports.

[¶ 9] The district court determined Matthews failed to prove he received ineffective assistance of counsel. The court found that Matthews "presented no evidence to the Court that would have indicated that the results of the suppression hearing would have been any different ... [or] that his counsel in the criminal matter fell below any objective standard of reasonableness." Matthews appealed.

## II.

[¶ 10] Following the two-pronged test announced in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052,

80 L.Ed.2d 674 (1984), a defendant claiming ineffective assistance of counsel bears the heavy burden of proving (1) counsel's representation was objectively unreasonable, and (2) the defendant was prejudiced by counsel's deficient performance. *Laib v. State*, 2005 ND 187, ¶ 9, 705 N.W.2d 845. The unreasonableness prong requires that a defendant overcomes the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Sayler v. State*, 2005 ND 166, ¶ 9, 704 N.W.2d 559 (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052). The prejudice prong requires the defendant to prove that, "but for his counsel's errors, the result of the proceeding would have been different." *Id.*

[¶ 11] A defendant arguing he received ineffective representation because his trial counsel failed to call additional witnesses must show how any additional witnesses would have aided the defense's claim. *Damron v. State*, 2003 ND 102, ¶ 16, 663 N.W.2d 650. "[T]his court requires more than a mere representation of what the testimony would be; we require some form of proof, e.g., an affidavit by the proposed witness, or testimony in a post-conviction-relief proceeding." *State v. Ricehill*, 415 N.W.2d 481, 484 (N.D.1987).

[¶ 12] In this case, Matthews' only proof of what the additional witnesses might testify to was testimony from Matthews himself. Matthews did not present affidavits from the additional witnesses nor did he have the witnesses testify at his post-conviction hearing. His testimony as to what the witnesses might say is not sufficient evidence as to what the witnesses would say. This Court has warned that mere "[c]onclusory allegations that counsel failed to call certain witnesses without indicating what the testimony would have been, how it might have affected the outcome of the trial, or what preju-

dice may have resulted from the failure to call them, do not support a claim of ineffective assistance of counsel." *State v. Schlickenmayer*, 364 N.W.2d 108, 112 (N.D.1985).

[¶ 13] According to Matthews, Star and Kim Fox could have testified that they knew his cell phone number. The police could have then called the number to determine where Matthews was being held at gun point. But during Matthews' cross-examination, he conceded that he did not believe his cell phone number was relayed to law enforcement by Star or Kim Fox. Thus, even if Star or Kim Fox testified, it would not have assisted in the suppression hearing, because the information had not been conveyed to the police at the time the presumed emergency was occurring.

[¶ 14] Matthews also claims that several police officers could have testified about their past knowledge of Matthews' drug activity, and they could also contradict the testimony of Sergeant Pallas who did testify against Matthews at the suppression hearing. Because none of Matthews' proposed officers testified at the post-conviction hearing, it is impossible to determine what they would say. If one of the officers would have said the search of his house without a warrant was done for pretextual purposes and not because they believed an emergency existed, it likely would have affected the outcome of the suppression hearing. But Matthews' brief testimony of what the officers might have said was only a conclusory allegation unsupported by any evidence. This is not sufficient proof under our jurisprudence. *See, e.g., Ricehill*, 415 N.W.2d at 484; *Schlickenmayer*, 364 N.W.2d at 112.

[¶ 15] Matthews also believes Murray could testify about the real purpose of the call to Star Fox. Matthews believes Murray knew they were not being held at gun point. But the purpose of Murray's phone

call was not known by the law enforcement at the time of the decision to enter Matthews' home. Thus, Murray's purpose for making the call would be irrelevant. Only the police officers belief that an emergency was occurring when they entered the home was relevant.

[¶ 16] Even if Matthews' conclusory statements could be construed as some form of proof of what the potential witnesses might say, Matthews' testimony was not sufficient to show he received ineffective assistance of counsel in violation of the Sixth Amendment of the United States Constitution and Article I, § 12 of the North Dakota Constitution. *Laib v. State*, 2005 ND 187, ¶ 9, 705 N.W.2d 845.

[¶ 17] The additional testimony of Star or Kim Fox, the police officers, or Murray is only speculative. Providing speculative evidence about what a witness might have said does not demonstrate an attorney fell below a reasonable standard of conduct in not calling those witnesses. For the most part, if the witnesses had testified as Matthews suggests they would testify, their testimony would have been irrelevant to the outcome of the suppression hearing. The fact that Kim Fox or Star Fox knew a phone number at a time when that phone number might have been helpful in the police investigation does not demonstrate ineffective assistance of counsel. The same can be said about an undisclosed motive of Murray whose call to Star Fox resulted in the 911 call. An officer stating that he did not believe an emergency was occurring at Matthews' house in Fargo would likely affect the outcome of the suppression hearing. But no evidence was presented at the post-conviction hearing that would suggest Matthews' counsel could have produced such evidence at the suppression hearing. Without evidence showing such testimony was available, Matthews cannot demon-

strate prejudice. Thus, Matthews has not met his burden under *Strickland.*

### III.

[¶ 18] Matthews has not made a sufficient offer of proof as to what the potential witnesses might say, has not provided any argument as to why it was objectively unreasonable not to call these witnesses, and has not shown how he was prejudiced. The judgment of the district court is affirmed.

[¶ 19] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.