2006 ND 76

**David FLANAGAN, Petitioner and Appellant**

**v.**

**STATE of North Dakota, Respondent and Appellee.**

**No. 20050226.**

Supreme Court of North Dakota.

April 19, 2006.

Chad Rory McCabe, Vinje Law Firm, Bismarck, ND, for petitioner and appellant.

Lloyd Clayton Suhr, Assistant State's Attorney, Bismarck, ND, for respondent and appellee.

MARING, Justice.

[¶ 1] David Flanagan appeals from a judgment denying his application for post-conviction relief. We conclude Flanagan's claim about an erroneous jury instruction is res judicata and he has failed to establish his trial counsel was ineffective. We affirm.

I

[¶ 2] Flanagan was charged with gross sexual imposition under N.D.C.C. § 12.1–20–03(2)(a) for allegedly engaging in sexual contact with a person less than 15 years old, specifically a 13–year–old female complainant. The incident precipitating the criminal charge occurred on July 28, 2002, at a birthday party at a motel swimming pool when Flanagan allegedly engaged in sexual contact with the complainant. The State presented evidence the complainant was 13 years old and Flanagan inappropriately put his hand under her swimsuit bottom, on her hips and the strings of her bikini bottom, on her bikini top over her breast, under the top part of her swimsuit, and on her buttocks. The State also presented evidence Flanagan pinched the complainant's buttocks. Flanagan claimed any touching of the complainant's "sexual or other intimate parts" which may have occurred was accidental and was not for the purpose of arousing or satisfying his sexual desires as required by the definition

of sexual contact in N.D.C.C. § 12.1–20–02(4). Without an objection by Flanagan's trial counsel, the jury was not instructed that the sexual contact must have been with a person less than 15 years old as required by N.D.C.C. § 12.1–20–03(2)(a). A jury found Flanagan guilty of gross sexual imposition.

[¶ 3] In *State v. Flanagan,* 2004 ND 112, 680 N.W.2d 241, we affirmed Flanagan's direct appeal from the conviction. Under the framework for analyzing obvious error in N.D.R.Crim.P. 52(b), we held the trial court erred in failing to instruct the jury that the complainant must have been less than 15 years old. *Flanagan,* at ¶ 4. We concluded, however, that under the circumstances, the erroneous instruction did not seriously affect the fairness, integrity, or public reputation of the judicial proceedings and did not require reversal because the identity and age of the complainant was essentially undisputed and the issue at trial was whether Flanagan accidentally touched the complainant or touched her for the purpose of arousing or satisfying his sexual desires. *Id.* at ¶ 10. We also held Flanagan's acquiescence in a curative instruction waived his right to complain on appeal about a question by the prosecuting attorney and precluded him from raising the issue as obvious error. *Id.* at ¶ 14. We further held Flanagan's failure to raise an issue at trial about the prosecution's claimed use of gender-based peremptory challenges precluded him from raising the issue for the first time on appeal and was not obvious error. *Id.* at ¶ 16.

[¶ 4] Flanagan applied for post-conviction relief under N.D.C.C. ch. 29–32.1. He claimed he was entitled to post-conviction relief because the trial court's erroneous instruction on the elements of the offense violated N.D.C.C. § 12.1–01–03(1), which requires that no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. Flanagan also claimed his trial counsel was ineffective because counsel failed to object to the instruction about the elements of the offense, failed to investigate, interview, and subpoena potential witnesses for trial, failed to object to the prosecution's use of gender-based peremptory challenges, and failed to preserve a request for a curative instruction.

[¶ 5] After an evidentiary hearing, the district court denied Flanagan's application for post-conviction relief. The court concluded Flanagan's claim about the elements of the offense was res judicata under this Court's decision in his direct appeal. The district court concluded Flanagan's trial counsel was not ineffective in failing to obtain an instruction on the age and identity of the complainant because the matter was res judicata and there was no reasonable probability the result would have been different with a proper instruction. The court concluded Flanagan's trial counsel was not ineffective in failing to interview witnesses and subpoena one witness because the evidence indicated Flanagan's trial counsel was not aware of one of the witnesses, and even if counsel had been aware of that witness, the record did not indicate the substance of that witness's testimony and there was insufficient evidence to show that witness's testimony would have altered the result. The court concluded Flanagan's trial counsel was not ineffective in failing to object to the State's use of alleged gender-based peremptory challenges because counsel's conduct did not fall below an objective level of competence and was reasonable. The court also concluded Flanagan's trial counsel was not ineffective in failing to preserve an objection to a curative instruction about prosecutorial misconduct because counsel's conduct did not fall below an

objective level of competence and there was no evidence counsel's conduct affected the outcome of the criminal proceeding.

## II

[¶ 6] Flanagan argues the trial court's failure to instruct the jury that the complainant must have been under 15 years of age violated the statutory requirement that no person may be convicted of an offense unless each element is proved beyond a reasonable doubt under N.D.C.C. § 12.1–01–03(1). He argues he is entitled to greater statutory protections under state law, and because he could not be convicted of an offense unless each element of the offense was proved beyond a reasonable doubt, the obvious error in failing to instruct the jury on this issue was a miscarriage of justice. He argues this statutory right was not addressed in his direct appeal from his conviction.

[¶ 7] Under N.D.C.C. § 29–32.1–12(1), an application for post-conviction relief may be denied on the ground of res judicata if the claim was fully and finally determined in a previous proceeding. Petitioners are not entitled to post-conviction relief when their claims are variations of previous claims that have been rejected in prior proceedings. *Jensen v. State*, 2004 ND 200, ¶ 9, 688 N.W.2d 374. Flanagan's argument in his direct appeal was that due process under the state and the federal constitutions required the State to prove each element of the charge beyond a reasonable doubt, and that the state constitution may provide a defendant with greater rights than the federal constitution. In this proceeding, Flanagan's argument is couched in terms of a greater state statutory right, but his claim is merely a variation of the argument we rejected in his direct appeal. We conclude Flanagan's ar-

gument about N.D.C.C. § 12.1–01–03(1) is res judicata.

## III

[¶ 8] Flanagan argues his trial counsel was ineffective under the state and federal constitutions for failing to object to the trial court's instructions on the elements of gross sexual imposition; failing to interview, subpoena, and investigate witnesses; failing to object to the prosecution's use of gender-based peremptory challenges; and failing to preserve a request for a curative instruction.

[¶ 9] Post-conviction relief proceedings are civil in nature and are governed by the North Dakota Rules of Civil Procedure. *Laib v. State*, 2005 ND 187, ¶ 11, 705 N.W.2d 845. The issue of ineffective assistance of counsel is a mixed question of law and fact which is fully reviewable by this Court. *Klose v. State*, 2005 ND 192, ¶ 10, 705 N.W.2d 809. A trial court's findings of fact in a post-conviction proceeding will not be disturbed on appeal unless they are clearly erroneous under N.D.R.Civ.P. 52(a). *Klose*, at ¶ 10; *Laib*, at ¶ 11.

[¶ 10] The burden of establishing grounds for post-conviction relief rests upon the petitioner. *State v. Steen*, 2004 ND 228, ¶ 9, 690 N.W.2d 239. In *Heckelsmiller v. State*, 2004 ND 191, ¶¶ 3–4, 687 N.W.2d 454 (citations omitted), we recently outlined the "heavy burden" required for a petitioner to prevail on a post-conviction claim for ineffective assistance of trial counsel:

The Sixth Amendment of the United States Constitution, made applicable to the states through the Fourteenth Amendment, and Article I, § 12 of the North Dakota Constitution guarantee a criminal defendant effective assistance of counsel. In accord with the test es-

tablished by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668[, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)] . . ., a defendant claiming ineffective assistance of counsel has a heavy burden of proving (1) counsel's representation fell below an objective standard of reasonableness, and (2) the defendant was prejudiced by counsel's deficient performance. "Effectiveness of counsel is measured by an 'objective standard of reasonableness' considering 'prevailing professional norms.' " The defendant must first overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Trial counsel's conduct is presumed to be reasonable and courts consciously attempt to limit the distorting effect of hindsight.

The prejudice element requires a defendant to "establish a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different." Not only does a criminal defendant have "the heavy, demanding burden of proving counsel's assistance was ineffective," a defendant claiming ineffective assistance of counsel "must specify how and where trial counsel was incompetent and the probable different result." A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."

■ [¶ 11] In *Woehlhoff v. State*, 487 N.W.2d 16, 17 (N.D.1992), this Court said we use the same *Strickland* test to assess ineffective assistance of counsel claims under the state constitution. *See also Kamara v. State*, 2003 ND 179, ¶ 5, 671 N.W.2d 811. To the extent that Flanagan

asserts he is entitled to greater protection for claims of ineffective assistance of counsel under the state constitution than under the federal constitution, we reject his assertion and we consider his arguments under the framework of *Strickland*.

### A

■ [¶ 12] Flanagan argues his trial counsel's failure to object to the court's instruction on the elements of gross sexual imposition constituted ineffective assistance of counsel. The district court decided trial counsel was not ineffective because there was no reasonable probability that, but for the error, the result would have been different.

[¶ 13] Flanagan's argument about ineffective assistance of counsel on this issue is controlled by our decision in his direct appeal, in which we said the name and identity of the victim was not in dispute and a reversal on the trial court's erroneous jury instruction would have seriously affected the fairness, integrity, or public reputation of the judicial proceeding under an obvious error analysis. *Flanagan*, 2004 ND 112, ¶ 10, 680 N.W.2d 241. We conclude Flanagan has not established a reasonable probability that, but for trial counsel's error, the result of the proceeding would have been different. We therefore conclude Flanagan was not prejudiced by trial counsel's failure to procure a correct jury instruction.

### B

[¶ 14] Flanagan argues his trial counsel rendered ineffective assistance of counsel in failing to interview and subpoena his oldest stepdaughter for trial and in failing to interview his youngest stepdaughter. During trial, Flanagan's youngest stepdaughter testified the complainant was "[n]ot really truthful." When asked the basis for that opinion, the youngest step-

daughter testified that her sister, Flanagan's oldest stepdaughter, told her the complainant "shoplifts a lot." The State objected and the trial court instructed the jury to disregard that the youngest stepdaughter was told something by her sister and the youngest stepdaughter needed to testify as to her own personal knowledge. During jury deliberations, the jury specifically asked to rehear the youngest stepdaughter's testimony.

[¶ 15] Flanagan asserts his trial counsel failed to interview and investigate the proposed testimony by the youngest stepdaughter, and if counsel had done so, counsel would have discovered the youngest stepdaughter learned her information about the complainant's lack of truthfulness from the oldest stepdaughter. Flanagan claims if trial counsel would have had that knowledge, he would have subpoenaed the oldest stepdaughter for important testimony about the complainant's truthfulness. He claims the oldest stepdaughter would have offered damaging direct testimony about the complainant's credibility, whereas the youngest stepdaughter had only heard the evidence from the oldest stepdaughter, which was hearsay and was struck by the trial court for lack of personal knowledge. He claims the result of the criminal trial would have been different, because during deliberations, the jury asked to see the testimony of the youngest stepdaughter.

[¶ 16] The district court determined there was not enough evidence to suggest Flanagan had informed trial counsel about the oldest stepdaughter, and even if counsel knew about the oldest stepdaughter, nothing in the record established what she would have testified about, or that her testimony would have altered the result. The court also indicated that during the youngest stepdaughter's testimony, the jury heard part of the oldest stepdaughter's opinion that the complainant was not credible and lacked truthfulness.

[¶ 17] Under the second element for establishing a claim for ineffectiveness of counsel, the defendant must establish prejudice, which requires the defendant to show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Heckelsmiller*, 2004 ND 191, ¶ 4, 687 N.W.2d 454. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the jury verdict. *Id.* We have said that " 'conclusory allegations that [trial] counsel failed to call certain witnesses without indicating what the testimony would have been, how it might have affected the outcome of the trial, or what prejudice may have resulted from the failure to call them, do not support a claim of ineffective assistance of counsel.' " *Matthews v. State*, 2005 ND 202, ¶ 12, 706 N.W.2d 74 (quoting *State v. Schlickenmayer*, 364 N.W.2d 108, 112 (N.D.1985)). We have also said the test is not necessarily whether a witness's testimony would have aided the defense, but whether, within the context of the other evidence and the overall conduct of the trial, there was a reasonable probability of a different result in the proceeding if the witness had testified. *Wright v. State*, 2005 ND 217, ¶ 12, 707 N.W.2d 242.

[¶ 18] At the post-conviction hearing, the oldest stepdaughter did not testify, and Flanagan testified he did not know how his oldest stepdaughter would have testified and he could only speculate regarding her testimony about the complainant's honesty. Flanagan asked the district court to consider that his oldest stepdaughter would have testified the complainant was untruthful. The credibility of the complainant was an important issue in this case, but Flanagan has offered only speculation to show a probability sufficient

to undermine the confidence in the outcome of the jury verdict. The district court emphasized that fact when it indicated there was other corroborating testimony from witnesses who saw Flanagan inappropriately touching the complainant. The credibility of those witnesses was not in dispute. Assuming Flanagan's trial counsel's failure to interview and subpoena the oldest stepdaughter for trial and failure to interview the youngest stepdaughter fell below an objective standard of reasonableness, we conclude Flanagan has not satisfied his heavy burden to establish a reasonable probability that, but for counsel's error, the result of the proceeding would have been different.

## C

[¶ 19] Flanagan argues his trial counsel's failure to object to the prosecution's use of gender-based peremptory challenges constituted ineffective assistance of counsel. The jury that convicted Flanagan consisted of twelve women. Flanagan used five peremptory challenges to strike five men from the jury, and the State used six peremptory challenges to strike five men and one woman from the jury. Flanagan argues the State removed two men from the jury without talking to them or asking them questions and the State removed the last available man from the jury for no apparent reason. Flanagan argues, given the nature of the State's voir dire and how peremptory strikes were exercised, the record presents an inference that the State's use of peremptory challenges was based on gender and that, but for his trial counsel's failure to object to the jury selection process, it would not have withstood judicial scrutiny under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), *J.E.B. v. Alabama ex rel. T.B.*, 511 U.S. 127, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994), and *City of*

*Mandan v. Fern*, 501 N.W.2d 739 (N.D. 1993).

[¶ 20] The equal protection clause forbids any use of peremptory challenges to exclude jurors solely on the basis of their gender or race. *J.E.B.*, 511 U.S. at 130–31, 114 S.Ct. 1419; *Batson*, 476 U.S. at 89, 106 S.Ct. 1712; *Fern*, 501 N.W.2d at 746–47. " 'The very idea of a jury is a body ... composed of the peers or equals of the person whose rights it is selected or summoned to determine; that is, of his neighbors, fellows, associates, persons having the same legal status in society as that which he holds.' " *Batson*, at 86, 106 S.Ct. 1712 (quoting *Strauder v. West Virginia*, 100 U.S. 303, 308, 25 L.Ed. 664 (1879)).

[¶ 21] In a post-conviction proceeding challenging trial counsel's method of jury selection, we have said counsel's actions during voir dire involve matters of trial strategy. *Garcia v. State*, 2004 ND 81, ¶ 8, 678 N.W.2d 568. In post-conviction proceedings claiming ineffectiveness of counsel, other courts have deferred to trial counsel's tactical decisions regarding gender-based peremptory challenges and jury selection. *See Davis v. State*, 2005 OK CR 21, ¶¶ 8–11, 123 P.3d 243; *Sorensen v. State*, 6 P.3d 657, 662–63 (Wyo.2000). Those courts declined to second guess trial counsel, stating that counsel may have had sound reasons related to the defendant's theory of the case for not opposing the State's peremptory challenges, or counsel may have been satisfied that the selected jury was a fair cross section of the community and the defendant's chances for a favorable outcome would not improve with any changes and may instead lessen. *Davis*, at ¶ 10; *Sorensen*, at 662–63. We agree with that rationale because it is consistent with our recognition that counsel's actions during voir dire may involve matters of trial strategy.

[¶ 22] At the evidentiary hearing on Flanagan's application for post-conviction relief, Flanagan's trial counsel testified he had been doing criminal work since 1981. He testified in this case he "was looking for individual jurors ... and how they answered questions," and the jury selection process "snuck up" on him when he realized there were "a lot of women" on the jury. He testified his approach to jury selection involved "looking for body language. I'm looking for the way they answer questions. Maybe not just what they say, but how they say it." He testified he was going to make an objection based on the prosecution's gender-based strikes, but he realized he was not in a good position to do so because he had also struck men from the jury. The district court decided trial counsel's decision about jury selection was a reasonable decision and did not fall below an objective standard of reasonableness. The district court's decision accords with our decisions recognizing that voir dire and juror challenges often involve matters of trial strategy. On this record, we decline to second guess a seasoned defense counsel on matters implicating trial strategy, and we agree with the district court's conclusion that trial counsel's decision about jury selection was a reasonable decision and did not fall below an objective standard of reasonableness. We therefore reject Flanagan's ineffective assistance claim on this issue.

D

[¶ 23] Flanagan argues his trial counsel was ineffective because counsel failed to preserve an issue about a curative instruction after the trial court sustained an objection when the prosecuting attorney asked Flanagan "[i]s this the first time that you've ever been accused of doing this?"

[¶ 24] The procedure regarding the curative instruction was described in detail in Flanagan's direct appeal. *Flanagan*, 2004 ND 112, ¶¶ 11–14, 680 N.W.2d 241. In the post-conviction proceeding, the district court rejected Flanagan's claim that his trial counsel was ineffective on this issue, concluding counsel's action in dealing with the curative instruction did not fall below an objective standard of reasonableness and there was no prejudice by counsel's performance on this issue. Trial counsel's decision on the curative instruction represents a tactical decision and compromise, and we decline to second guess counsel. We conclude Flanagan's trial counsel's conduct did not fall below an objective standard of reasonableness on this issue.

IV

[¶ 25] We affirm the district court judgment denying Flanagan's application for post-conviction relief.

[¶ 26] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.