2011 ND 163

**Paul E. SMESTAD, Petitioner
and Appellant**

v.

**STATE of North Dakota, Respondent
and Appellee.**

No. 20110006.

Supreme Court of North Dakota.

Aug. 18, 2011.

692

David Duane Dusek, Grand Forks, N.D., for petitioner and appellant.

Pamela Ann Nesvig (on brief), Assistant State's Attorney, Bismarck, N.D., for respondent and appellee.

MARING, Justice.

[¶ 1] Paul Smestad appeals from an order denying his application for post-conviction relief. We conclude Smestad's claim that his signature on a document extending his probation was not his signature is barred by res judicata. We also conclude that because Smestad's claims are barred by res judicata, he cannot establish his post-conviction trial counsel was ineffective. We affirm.

I

[¶ 2] In December 2003, Smestad pled guilty in Burleigh County to one count of theft by deception and one count of forgery. He was sentenced to three years in jail with all but eighteen months suspended and was placed on probation for three years following completion of his incarceration. In May 2008, a petition for extension of probation was filed because Smestad had not fully paid restitution ordered under his initial sentence and an order was issued to extend Smestad's probation for five years.

[¶ 3] In September 2009, a petition was filed to revoke Smestad's probation. After a hearing, the district court revoked his probation and sentenced him to three years in jail. In *State v. Smestad*, 2010 ND 53, 789 N.W.2d 731, we summarily affirmed the district court's decision revoking Smestad's probation.

[¶ 4] Smestad applied for post-conviction relief under N.D.C.C. ch. 29–32.1. He claimed he was entitled to post-conviction relief in part because he had not signed any documents extending his probation. The State opposed Smestad's application, claiming some issues raised by him were res judicata and requesting a hearing on the issue about his signature. After an evidentiary hearing, the district court denied Smestad's application, stating Smestad's prior appeal addressed his argument about the expiration of his probation but did not raise claims about his alleged forged signature on the probation extension. The court ruled this issue or a similar issue was resolved in his prior appeal and concluded Smestad's claim involving the authenticity of his signature on documents extending his probation was barred by res judicata and misuse of process.

II

[¶ 5] Smestad argues the district court erred in deciding his claim involving the authenticity of his signature on documents

extending his probation was barred by res judicata and misuse of process. He claims he could not have raised this issue previously because he was unaware of the documents extending his probation until after his prior appeal was filed. Smestad also argues the State failed to raise the affirmative defenses of res judicata and misuse of process.

[¶ 6] A court may deny an application for post-conviction relief on the ground of res judicata if the claim has been fully and finally determined in a previous proceeding. N.D.C.C. § 29–32.1–12(1). Petitioners are not entitled to post-conviction relief when their claims are variations of previous claims that have been rejected in prior proceedings. *Flanagan v. State*, 2006 ND 76, ¶ 7, 712 N.W.2d 602. Res judicata and misuse of process are affirmative defenses that must be pleaded by the State. N.D.C.C. § 29–32.1–12(3). The State must raise the affirmative defenses of res judicata and misuse of process before a district court may dismiss an application for post-conviction relief on those grounds. *See Johnson v. State*, 2010 ND 213, ¶ 10, 790 N.W.2d 741 (stating court may not dismiss claim on basis of res judicata on its own motion).

[¶ 7] The State specifically raised res judicata in its response to Smestad's claim that his probation had expired before it was extended. The State argued Smestad "appealed the Court's right to extend his probation" and "[t]his issue is res judicata" because "[t]he Supreme Court affirmed this court's revocation of [Smestad's] probation." The State's response was sufficient to raise res judicata as a defense to Smestad's claims involving the expiration of his probation.

[¶ 8] In his prior appeal, Smestad argued the district court erred in revoking his probation because his prior probation had expired in March 2009 and had been improperly extended in May 2009. Smes-

tad's argument relating to the length of probation establishes he knew about the extension of probation before his prior appeal. Here, the district court found the issue about Smestad's signature is a variation of the argument that was rejected in his prior appeal. The court said Smestad raised issues in his appeal about whether his probation had expired, but he failed to then refute the authenticity of his signature on the document extending his probation. The district court found no reason "why the documents that did extend his probation were not refuted in his appeal where the main issue he was alleging was that his probation had expired." The district court said "[t]his issue or a similar issue was resolved on appeal." The issues regarding the length of Smestad's probation were fully and finally litigated in his prior appeal to this Court.

[¶ 9] We conclude the district court did not err in denying Smestad's motion for post-conviction relief because his claim is a variation of his claim in his prior appeal and is barred by res judicata.

### III

[¶ 10] Smestad claims his post-conviction trial counsel's representation was ineffective, because that counsel failed to investigate the authenticity of the signature on the documents extending Smestad's probation.

[¶ 11] A defendant claiming ineffective assistance of counsel has a heavy burden of proving counsel's representation fell below an objective standard of reasonableness and the defendant was prejudiced by counsel's deficient performance. *Flanagan*, 2006 ND 76, ¶ 10, 712 N.W.2d 602. The second prong requires the defendant to prove that, but for counsel's claimed errors, the result of the proceeding would have been different. *Id.* In *Flanagan*, at ¶ 10 (quoting *Heckelsmiller v. State*, 2004 ND 191, ¶ 4, 687 N.W.2d 454), we said:

The prejudice element requires a defendant to "establish a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different." Not only does a criminal defendant have "the heavy, demanding burden of proving counsel's assistance was ineffective," a defendant claiming ineffective assistance of counsel "must specify how and where trial counsel was incompetent and the probable different result." A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."

[¶ 12] Smestad could not have been prejudiced by his post-conviction trial counsel's alleged failure to investigate the authenticity of the signature on the documents extending Smestad's probation because his claims involving the length of his probation are res judicata in this proceeding. Smestad therefore cannot establish a reasonable probability that, but for his post-conviction trial counsel's alleged error, the result of the proceeding would have been different. We therefore conclude Smestad cannot prevail on his ineffective assistance of counsel claim.

### IV

[¶ 13] We affirm the district court order denying Smestad's application for post-conviction relief.

[¶ 14] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.