2017 ND 65

**Barry ROE, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee**

No. 20160179

Supreme Court of North Dakota.

Filed 03/30/2017

See also 846 N.W.2d 707.

Charles A. Stock, 407 North Broadway, P.O. Box 605, Crookston, Minnesota 56716–0605, for petitioner and appellant.

Brian D. Grosinger, Assistant State's Attorney, 210 Second Avenue NW, Mandan, N.D. 58554, for respondent and appellee.

Tufte, Justice.

[¶ 1] Barry Roe appeals a district court order denying his application for post-conviction relief in which he alleged he received ineffective assistance of counsel from two attorneys who represented him at different stages of his criminal case. We affirm, concluding Roe was not prejudiced by his counsels' representation.

I

[¶ 2] The State charged Roe with two counts of gross sexual imposition. The State's evidence included forensic interview statements by three children, two of whom alleged sexual abuse by Roe. During the preliminary hearing, a detective testified to what the children said at the interviews. The court found probable cause supported both counts, and the case was set for trial. Prior to trial, substitute counsel was appointed to represent Roe. During the trial, one of the children partially recanted her sexual abuse allegation. She altered her story to say Roe had touched her inner thigh rather than her vaginal area.

[¶ 3] A jury found Roe guilty of both charges. Roe later filed an application for post-conviction relief, arguing his preliminary hearing attorney and his trial attorney ineffectively represented him. The district court denied his application, finding neither attorney's representation prejudiced Roe.

II

[¶ 4] A person may apply for post-conviction relief on the ground that the conviction was obtained in violation of the United States Constitution. N.D.C.C. § 29–32.1–01(1)(a). The Sixth Amendment guarantees that a person charged with a crime is "entitled to effective assistance of counsel at critical stages of criminal proceedings." Peterka v. State, 2015 ND 156,

¶ 25, 864 N.W.2d 745 (citing Adams v. Illinois, 405 U.S. 278, 279, 92 S.Ct. 916, 31 L.Ed.2d 202 (1972)). An applicant for post-conviction relief who claims ineffective assistance of counsel must demonstrate: (1) his counsel's representation "fell below an objective standard of reasonableness"; and (2) he was prejudiced by his counsel's representation. Id. A district court should dispose of an ineffective assistance of counsel claim without reaching the merits of the first prong if the applicant fails to establish prejudice. Heckelsmiller v. State, 2004 ND 191, ¶ 4, 687 N.W.2d 454 (quoting Strickland v. Washington, 466 U.S. 668, 697, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

[¶ 5] The standard of review for a claim of ineffective assistance of counsel in a post-conviction proceeding is well-established:

> Post-conviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure. Flanagan v. State, 2006 ND 76, ¶ 9, 712 N.W.2d 602. Whether a petitioner received ineffective assistance of counsel is a mixed question of law and fact and is fully reviewable on appeal. Klose v. State, 2005 ND 192, ¶ 10, 705 N.W.2d 809. Under N.D.R.Civ.P. 52(a), the district court's findings of fact will not be disturbed on appeal unless clearly erroneous. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support the finding, a reviewing court is left with a definite and firm conviction a mistake has been made." Heckelsmiller v. State, 2004 ND 191, ¶ 5, 687 N.W.2d 454.

Clark v. State, 2008 ND 234, ¶ 11, 758 N.W.2d 900. The question before us is whether the representation of either Roe's preliminary hearing attorney or trial attorney prejudiced him.

## A

[¶ 6] We first examine whether the representation of Roe's preliminary hearing attorney prejudiced him. A defendant is prejudiced if he establishes a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." Peterka, 2015 ND 156, ¶ 25, 864 N.W.2d 745 (quotation marks omitted).

[¶ 7] In determining whether Roe was prejudiced at the preliminary hearing, we must first consider the standard under which we review preliminary hearings. District courts use preliminary hearings under N.D.R.Crim.P. 5.1 as a "screening tool" to determine whether the State has sufficient evidence to meet the "minimal burden" of proving probable cause. See State v. Blunt, 2008 ND 135, ¶¶ 16–17, 751 N.W.2d 692. Because preliminary hearings are not "mini-trial[s] on guilt or innocence," the district court has tightly constrained authority to assess witness credibility or weigh evidence. Id. at ¶ 17. District courts must accept a witness's testimony, unless the testimony is, as a matter of law, "implausible or incredible." Id. (quoting Hunter v. District Court, 190 Colo. 48, 543 P.2d 1265, 1268 (1975)). Any conflicts in testimony are questions of fact for a later jury to decide. At the preliminary hearing, the court "must draw the inference favorable to the prosecution." Id.

[¶ 8] At the preliminary hearing, a detective testified to the contents of forensic interviews in which the victims alleged Roe sexually abused them. Roe argues on appeal that he established the prejudice prong because his attorney failed to subpoena the victim who at trial partially recanted her forensic interview statements.

[¶ 9] We conclude the district court appropriately determined that Roe has not established a reasonable probability that the victim's testimony at the preliminary hearing would have resulted in one of his charges being dismissed. Roe has provided little evidence from which the court could infer that if the victim had testified at the preliminary hearing, the testimony would have been consistent with her partial recantation at trial. Even assuming that, if called as a witness, the victim would have testified at the preliminary hearing the same as she later did at trial, this partial recantation would have conflicted with her earlier statements that were presented by the detective. A victim's recantation does not by itself make her initial allegation of sexual abuse implausible or incredible. A victim may have a variety of reasons to testify in apparent conflict with a prior statement. Confronted with such conflicting testimony at the preliminary hearing, the district court would have to draw inferences favorable to the prosecution. Here this means accepting as true the victim's earlier statement that Roe touched her vaginal area and not the later statement that Roe had put his hand on her thigh. For these reasons, the district court properly rejected Roe's argument that he was prejudiced by the performance of his preliminary hearing attorney.

B

[¶ 10] Roe also argues that the performance of his trial attorney prejudiced him. As discussed above, a defendant is prejudiced if the defendant establishes a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." Peterka, 2015 ND 156, ¶ 25, 864 N.W.2d 745 (quotation marks omitted). At trial, Roe's attorney stipulated to the admissibility of three recorded forensic interviews. Roe argues his attorney's stipulation prejudiced him be-

cause the State otherwise could not have submitted these statements as evidence.

[¶ 11] We conclude the district court appropriately determined that Roe has not established a reasonable probability that, but for his attorney's alleged errors, his trial would have had a different outcome. Roe's trial attorney testified at the post-conviction relief hearing that the State could have introduced the statements regardless of the stipulation, because the children testified at trial. He explained that he believed the evidence would be admitted without his stipulation under N.D.R.Ev. 803(24) and State v. Blue, 2006 ND 134, ¶ 26, 717 N.W.2d 558 (forensic interview statement admissible under Rule 803(24) "provided the child testifies at trial"). Further, it was the defense strategy to agree to the admissibility of the interviews of the two victims to ensure the third child's interview would also be admitted. We do not second-guess reasonable trial strategy through the distorting lens of hindsight. DeCoteau v. State, 2000 ND 44, ¶ 13, 608 N.W.2d 240.

[¶ 12] Other issues raised in Roe's supplemental brief are conclusory and lack merit. For these reasons, we conclude Roe has not demonstrated that the performance of his trial attorney prejudiced him.

III

[¶ 13] We affirm the district court's order denying Roe's application for post-conviction relief.

[¶ 14] Jerod E. Tufte

Daniel J. Crothers

Lisa Fair McEvers

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.

McEvers, Justice, concurring.

[¶ 15] I agree with and have signed with the majority. I write separately to note

that it would be nearly impossible for a petitioner to succeed on an ineffective assistance of counsel claim based on the attorney's alleged errors at a preliminary hearing after being found guilty by jury when counsel was not found to be ineffective at trial. The burden of proof required to convict, beyond a reasonable doubt, is quantum leaps higher than the burden of proof at a preliminary hearing, which only requires probable cause. Absent a showing by Roe there was no probable cause for the charges at the preliminary hearing, his allegations fail regardless of any alleged errors by his attorney.

[¶ 16] Lisa Fair McEvers