Filed 2/22/18 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2018 ND 50

Martin Thomas Blackcloud,

a/k/a Martin Thomas Black Cloud, Plaintiff and Appellant

v.

State of North Dakota, Defendant and Appellee

No. 20170312

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Gail Hagerty, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Justice.

Scott O. Diamond, Fargo, ND, for plaintiff and appellant; on brief.

Marina Spahr, Burleigh County Assistant State’s Attorney, Bismarck, ND, for defendant and appellee; on brief.

Blackcloud v. State

No. 20170312

Jensen, Justice.

[¶1] Martin Blackcloud, also known as Martin Black Cloud, appeals the district court’s order denying Blackcloud’s application for post-conviction relief.
  
We affirm the district court’s order.

I

[¶2] In April 2014, Blackcloud was convicted of gross sexual imposition, in which the victim was his girlfriend’s daughter.  Blackcloud previously appealed that criminal judgment to this Court based on an alibi defense, and this Court summarily affirmed the criminal judgment.  
State v. Blackcloud
, 2015 ND 108, ¶ 1, 865 N.W.2d 124.

[¶3] Blackcloud applied for post-conviction relief in November 2016, arguing his trial counsel was ineffective.  In his application, Blackcloud argued his trial counsel failed to file a notice of alibi defense and failed to object to the lack of specificity in the charging information.  Blackcloud also alleged his trial counsel failed to effectively cross-examine the State’s expert witnesses regarding possible contamination of the DNA evidence found on the victim.  Additionally, Blackcloud argued his trial counsel failed to impeach the victim’s mother’s trial testimony or introduce evidence of her weight gain, which he claims would have supported his defense that the victim and the mother shared clothing.

[¶4] After holding an evidentiary hearing where both Blackcloud and his trial counsel testified, the district court denied Blackcloud’s application for post-

conviction relief.  The district court determined this Court summarily affirmed Blackcloud’s conviction on direct appeal, in which he argued the State did not present sufficient evidence to overcome his alibi defense.  
Blackcloud
, 2015 ND 108, ¶ 1, 865 N.W.2d 124.  The district court also concluded the charging document was sufficiently specific to advise Blackcloud of the charge against him and enable him to prepare for trial.  The district court further determined the assistance of Blackcloud’s trial counsel was not deficient.

II

[¶5] On appeal, Blackcloud argues the district court erred in denying his application for post-conviction relief because he received ineffective assistance of counsel, and the district court abused its discretion in excluding a photograph from evidence at the post-conviction relief hearing.  Blackcloud argues his trial counsel failed to properly investigate the mother of the victim’s weight gain and locate the photograph he offered at the evidentiary hearing.  Blackcloud contends his counsel’s assistance was deficient because he should have further pursued Blackcloud’s defense theory that the victim and her mother shared clothing, which could have explained Blackcloud’s DNA on the victim’s underwear.  This Court acknowledged:

A person may apply for post-conviction relief on the ground that the conviction was obtained in violation of the United States Constitution.  N.D.C.C. § 29-32.1-01(1)(a).  The Sixth Amendment guarantees that a person charged with a crime is “entitled to effective assistance of counsel at critical stages of criminal proceedings.”  
Peterka v. State
, 2015 ND 156, ¶ 25, 864 N.W.2d 745 (citing 
Adams v. Illinois
, 405 U.S. 278, 279, 92 S.Ct. 916, 31 L.Ed.2d 202 (1972)).  An applicant for post-conviction relief who claims ineffective assistance of counsel must demonstrate: (1) his counsel’s representation “fell below an objective standard of reasonableness”; and (2) he was prejudiced by his counsel’s representation.  
Id.
 A district court should dispose of an ineffective assistance of counsel claim without reaching the merits of the first prong if the applicant fails to establish prejudice. 
 Heckelsmiller v. State
, 2004 ND 191, ¶ 4, 687 N.W.2d 454 (quoting 
Strickland v. Washington
, 466 U.S. 668, 697, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

The standard of review for a claim of ineffective assistance of counsel in a post-conviction proceeding is well-established:

Post-conviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure.  
Flanagan v. State
, 2006 ND 76, ¶ 9, 712 N.W.2d 602.  Whether a petitioner received ineffective assistance of counsel is a mixed question of law and fact and is fully reviewable on appeal.  
Klose v. State
, 2005 ND 192, ¶ 10, 705 N.W.2d 809.  Under N.D.R.Civ.P. 52(a), the district court’s findings of fact will not be disturbed on appeal unless clearly erroneous.  “A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support the finding, a reviewing court is left with a definite and firm conviction a mistake has been made.” 
 Heckelsmiller v. State
, 2004 ND 191, ¶ 5, 687 N.W.2d 454.

Roe v. State
, 2017 ND 65, ¶¶ 4-5, 891 N.W.2d 745 (quoting 
Clark v. State
, 2008 ND 234, ¶ 11, 758 N.W.2d 900).

A

[¶6] Blackcloud argues his trial counsel failed to properly investigate the victim’s mother’s weight gain and the failure to obtain exculpatory evidence was objectively unreasonable.  This Court has noted it will assess counsel’s decisions to investigate for reasonableness, although it defers to counsel’s judgments.  
Garcia v. State
, 2004 ND 81, ¶ 16, 678 N.W.2d 568.

[¶7] The district court did not err in concluding Blackcloud’s trial counsel’s representation did not fall below an objective standard of reasonableness in his investigation of the victim’s mother.  The district court found Blackcloud’s trial counsel adequately questioned the victim’s mother about her relationship with Blackcloud.  At trial, the victim’s mother testified that at the time of the offense she did not share underwear with her daughter, did not live with her daughter, and was not in a sexual relationship with Blackcloud.  Therefore, the district court did not err in concluding Blackcloud’s defense that the victim and her mother shared clothing was adequately presented to the jury.  Further, at the evidentiary hearing on Blackcloud’s application, his trial counsel testified he was unaware of Blackcloud’s theory about DNA contamination and that Blackcloud did not provide him any evidence about the mother and victim sharing clothing.  Based on the record and Blackcloud’s statements at the evidentiary hearing, his counsel’s performance did not fall below an objective standard of reasonableness.  We defer to counsel’s judgments on investigations and conclude the district court did not err in denying Blackcloud’s application for post-conviction relief based on ineffective assistance of counsel.

B

[¶8] Blackcloud argues the district court abused its discretion in excluding the photograph of the victim’s mother from evidence at his evidentiary hearing.  The district court concluded the photograph was not relevant because Blackcloud’s trial counsel was not aware of it prior to trial.  Blackcloud contends the photograph demonstrated the victim’s mother’s weight gain between the incident and the trial, which would have supported his defense.

[¶9] Rule 401, N.D.R.Ev., provides that evidence is relevant if “it has any tendency to make a fact more or less probable than it would be without the evidence” and if “the fact is of consequence in determining the action.”  Irrelevant evidence is not admissible.  N.D.R.Ev. 402.  The district court has broad discretion in evidentiary matters, and this Court will not overturn the district court’s decision to admit or exclude evidence unless the district court abused its discretion.  
State v. Azure
, 2017 ND 195, ¶ 6, 899 N.W.2d 294 (citing 
State v. Vandermeer
, 2014 ND 46, ¶ 6, 843 N.W.2d 686).

[¶10] The district court did not abuse its discretion in determining the photograph was not relevant to Blackcloud’s claim of ineffective assistance of counsel.  Blackcloud admitted he did not give the photograph to his counsel prior to trial.  The photograph would not tend to show the effectiveness or ineffectiveness of Blackcloud’s counsel’s performance because his counsel was unaware the photograph existed.  As noted above, the issue of the victim and her mother sharing clothing was adequately presented to the jury, and the investigation by Blackcloud’s trial counsel was reasonable.  Therefore, the district court did not abuse its discretion in declining to admit the photograph.

III

[¶11] We affirm the district court’s order denying Blackcloud’s application for post-

conviction relief.

[¶12] Jon J. Jensen

Lisa Fair McEvers

Daniel J. Crothers

Jerod E. Tufte

Gerald W. VandeWalle, C.J.