Barbara McWETHY, Plaintiff and Appellant,

v.

John Patrick McWETHY, Defendant and Appellee.

Civ. No. 10844.

Supreme Court of North Dakota.

April 24, 1985.

---

Ella Van Berkom, Minot, for the plaintiff and appellant.

John Patrick McWethy, pro se.

MESCHKE, Justice.

Barbara Jean McWethy divorced John Patrick McWethy by judgment entered on December 9, 1981. The judgment placed custody of the two children with Barbara, ordered Patrick to pay $150 per month per child as support, divided property, allocated debts, and ordered Patrick to pay $150 per month alimony for 36 months as well as $750 for attorney's fees to Barbara. Notice of entry of the judgment was given on December 14, 1981. An amended judgment was entered on December 30, 1981, and notice of entry of the amended judgment was given on January 5, 1982. No appeal was taken from the judgment or the amended judgment.

The trial judge then disqualified himself, and Judge Jon R. Kerian was assigned to hear further proceedings. On February 18, 1982, Patrick moved to modify the alimony and property division terms of the divorce decree. This motion was denied, after hearing, on April 30, 1982. On September 28, 1982, after a hearing on an order to show cause why Patrick should not be held in contempt for failure to pay child support and alimony, the trial court entered an order requiring Patrick to "make all payments heretofore ordered by the Court for child support and alimony," and further, "on its own motion does order in the divorce action a hearing to redetermine the issue of child support and alimony." The hearing "to redetermine" was held on December 14, 1982, but there has been no decision on it.

On June 20, 1983, Barbara moved for a money judgment against Patrick for $6,720.09 in arrearages on support, alimony and amounts due under the divorce judgment. She also sought an order that this amount be paid to her out of Patrick's entitlement to a one-half share of the net proceeds from prospective sale of the residence. Barbara's supporting affidavit showed that Patrick was in arrears in the amount of $1,150 in child support, $2,250 in alimony, and $750 in partial attorney's fees, and that Barbara had paid $2,269.09 of debts which Patrick had been ordered to pay. This motion was heard, but again it has not been decided. We were informed at oral argument that the residence has not been sold.

On September 13, 1984, Patrick filed pro se a "Motion For A Retrial," reciting that he "has been and has admitted to being in contempt of court," complaining about the unfairness of the divorce decree, claiming that he "is financially ruined," and seeking "a retrial and a revised court order that will be fair, equitable and reasonable." There is nothing in the record to show that notice of this "Motion" was given to Barbara or to her counsel of record.

Nevertheless, on September 25, 1984, Judge Kerian entered an order granting a new trial "in the above entitled matter," and "further, this Court recuses himself in

presiding over said action and believes a Judge out of Minot should preside." Prior to filing of the notice of appeal, a new judge was designated by the Supreme Court to preside in the case.

Barbara appeals the order granting new trial. We reverse.

■ Judicial decision on motion of one party, without notice to and opportunity to be heard by the other party, is contrary to fundamental principles of justice and due process, except under exigent or special circumstances with reasonably prompt subsequent notice and opportunity to be heard. No exigent or special circumstances are apparent in this case.

Rule 5(a), N.D.R.Civ.P. mandates:

"Except as otherwise provided in these rules ... every written motion other than one which may be heard ex parte, ... *shall* be served upon each of the parties." [Emphasis added.]

Rule 6(d) requires timely notice of hearing of a motion to be served. Subdivision (b) of Rule 5 spells out how that service is made, and subdivision (f) states how proof of that service is made. Rule 59(e) is explicit that on motions for new trial, "... a notice of hearing of the motion must be given."

■ This record is barren of any proof that notice of Patrick's pro se "Motion For A Retrial" was served upon Barbara or her attorney of record. It is a fundamental duty of a trial court to assure that basic rules of procedure are followed. And, rules cannot be applied differently merely because a party not learned in the law is acting pro se; *Hennebry v. Hoy,* 343 N.W.2d 87 (N.D.1983).

■ This order is not in keeping with any continuing jurisdiction of a trial court over some aspects of divorce judgments, such as property distribution, child support, and spousal support; N.D.C.C. § 14–05–24. First, this order did not limit the issues on a new trial, and thus went beyond any concept of continuing jurisdiction. Without qualification, it granted a motion "for a new trial in the above entitled proceeding."

Further, it is well established that continuing jurisdiction of a trial court over those aspects of marital dissolution decrees is to be exercised prospectively on a reasoned and principled basis for good cause, such as material change of circumstances. *Aabye v. Aabye,* 292 N.W.2d 92 (N.D.1980), *Bridgeford v. Bridgeford,* 281 N.W.2d 583 (N.D.1979). And, of course, proceedings on continuing jurisdiction should follow procedures prescribed by the Rules of Civil Procedure for notice and hearing.

■■■ Nor, can this order be viewed as relief from a judgment under Rule 60, N.D. R.Civ.P. No clerical mistake, oversight, or omission in the judgment or amended judgment was claimed, so action under Rule 60(a) was not appropriate. *Aabye v. Aabye, supra,* at 95. No qualifying grounds, such as mistake, inadvertence, surprise, excusable neglect, recently discovered evidence, fraud, or lack of jurisdiction, were set out so as to justify consideration under Rule 60(b) to relieve Patrick from the final amended judgment; *Jostad v. Jostad,* 285 N.W.2d 583 (N.D.1979); *Bridgeford v. Bridgeford, supra.* And, even if this motion were viewed as seeking relief under 60(b), "the procedure for obtaining relief from a judgment must be by motion as prescribed in these rules;" Rule 60(b). "These rules" require notice and hearing.

■■■ The principle of administration of justice underlying this opinion was well expressed by Justice Stevens of the United States Supreme Court, in another context:

"Judges, more than most, should understand the value of adherence to settled procedures. By adopting a set of fair procedures, and then adhering to them, courts of law ensure that justice is administered with an even hand. These are subtle matters, for they concern the ingredients of what constitutes justice.' " *United States v. Leon,* 468 U.S. ——, ——, 104 S.Ct. 3405, 3448, 82 L.Ed.2d 677, 724 (1984) (Stevens, J., dissenting.)

Since this "Order Granting New Trial" was made without following settled procedures requiring notice and opportunity to be heard, it is reversed and the amended judgment is reinstated. Since the trial judge who made this order simultaneously recused himself without deciding other pending motions, it will be up to the judge subsequently designated by this Court to complete them as well as to conduct any further proceedings in this case.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and GIERKE, JJ., concur.