2007 ND 118

**Lyle J. NOORLUN, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

**No. 20070009.**

Supreme Court of North Dakota.

July 25, 2007.

Lyle J. Noorlun (submitted on brief), pro se, Marina Del Rey, CA, petitioner and appellant.

Birch Peterson Burdick, State's Attorney, Fargo, N.D., for respondent and appellee.

Maring, Justice.

[¶ 1] Lyle J. Noorlun appeals from a judgment denying his claims for post-conviction relief with the exception of his request for a restitution hearing, which was granted. We hold that Noorlun's claims about the denial of a speedy trial, a double jeopardy violation, and imprisonment for failure to pay a debt are barred by misuse of process and that Noorlun failed to establish his trial attorney provided ineffective assistance of counsel. We affirm.

I

[¶ 2] Before her death in May 2002, Norma Jordee had made investments with Noorlun, including three promissory notes totaling $250,000, which were renewed at various times. The State claimed the promissory notes were securities and charged Noorlun with three counts of selling or offering to sell unregistered and nonexempt securities, three counts of acting as a security salesman without registering in North Dakota, and three counts of violating a cease and desist order to stop selling securities in North Dakota issued by the North Dakota Securities Commissioner. A jury found Noorlun guilty on all nine counts, and he was given identical concurrent sentences on all nine counts and ordered to pay $250,000 in restitution to Jordee's estate.

[¶ 3] In *State v. Noorlun*, 2005 ND 189, 705 N.W.2d 819, *cert. denied,* —— U.S. ——, 126 S.Ct. 2869, 165 L.Ed.2d 902 (2006), we affirmed Noorlun's convictions, concluding the district court did not err in refusing to give Noorlun's requested jury instruction on the renewal of a promissory note, the court did not abuse its discretion in admitting five typewritten letters with his signature at the bottom of the letters, the evidence was sufficient to support his convictions, the prosecutions for all nine counts were not barred by the statute of limitations, and the record on direct appeal did not support his claims of ineffective assistance of counsel. We affirmed Noorlun's convictions without prejudice to him to pursue an ineffective assistance of counsel claim at a post-conviction proceeding. *Id.* at ¶ 31.

[¶ 4] In March 2006, Noorlun filed a pro se application for post-conviction relief under N.D.C.C. ch. 29–32.1, and counsel was appointed to represent him in the district court proceeding. In his pro se application, Noorlun essentially claimed the promissory notes were loans, he intended to repay the loans, his acts were not intentional, and the "[j]ury did not hear any of the truth because of incompetent [c]ourt [a]ppointed [a]ttorney." He asserted his court-appointed counsel was ineffective because counsel failed to move to quash the criminal information, which would have caused the statute of limitations to run, counsel failed to call several fact witnesses to establish Noorlun's lack of intent, counsel failed to retain and call a handwriting expert to establish that Noorlun had not signed a receipt for the cease and desist order, and both his trial and appellate counsels failed to move for a mistrial. Noorlun also claimed he was denied his right to a speedy trial, the state charges constituted double jeopardy because federal charges based on the same

facts had been dismissed, he was imprisoned for failure to pay a debt, he was denied a change of venue, he was denied a restitution hearing, and he was denied appointment of a different court-appointed attorney.

[¶ 5] After a hearing, the district court denied most of Noorlun's claims for post-conviction relief, but granted his request for a hearing on the amount of his restitution. The court decided Noorlun's trial counsel had not provided ineffective assistance of counsel for failing to move to quash the criminal information, because Noorlun was not in North Dakota for several periods of time leading up to the prosecutions and the statute of limitations was tolled during those periods under N.D.C.C. § 29–04–04. The court thus concluded trial counsel's failure to raise the issue would not have changed the result of the criminal prosecution. The court decided Noorlun's claims about jury instructions and the law regarding promissory notes were decided on direct appeal and were barred by claim and issue preclusion. The court decided it was not ineffective assistance of counsel to refuse to ask for a change of venue because the request would have been futile. The court decided it was not ineffective assistance of counsel to refuse to ask for a mistrial because the defense's strategy was to seek a direct appeal, the appeal was promptly filed at Noorlun's request, and Noorlun did not ask counsel to file a motion for mistrial until after the notice of appeal was filed. The court decided trial counsel's representation was not ineffective for failing to call certain fact witnesses, which Noorlun claimed would have shown his lack of intent, because intent to defraud was not an element of the charges and those witnesses' testimony would have been irrelevant. The court further decided trial counsel's representation was not ineffective for failing to call a handwriting expert

to testify that Noorlun did not sign the receipt for the cease and desist order, because his signature was not required to convict him for violating that order and the failure to adduce that evidence was part of trial strategy. Finally, the court decided trial counsel's failure to have Noorlun testify was trial strategy and did not constitute ineffective assistance of counsel. The court, however, granted Noorlun's request for a restitution hearing.

## II

[¶ 6] In the appeal in which he represented himself, Noorlun argues he was denied his right to a speedy and public trial, his state court conviction violated double jeopardy because the federal district court dismissed fraud charges against him relating to the same conduct, and he was imprisoned for failure to pay a debt.

[¶ 7] Under N.D.C.C. § 29–32.1–12(2), an application for post-conviction relief may be denied on the ground of misuse of process. In *Clark v. State*, 1999 ND 78, ¶ 23, 593 N.W.2d 329 (citations omitted), we explained misuse of process:

[M]isuse of process under N.D.C.C. ch. 29–32.1 occurs (1) if the defendant has inexcusably failed to raise an issue in a proceeding leading to judgment of conviction and now seeks review in a first application for post-conviction relief; (2) if the defendant inexcusably fails to pursue an issue on appeal which was raised and litigated in the original trial court proceedings; and finally, (3) if a defendant inexcusably fails to raise an issue in an initial post-conviction application.

[¶ 8] Noorlun's claims about the denial of a speedy trial, a double jeopardy violation, and imprisonment for failure to pay a debt could have been raised in his direct appeal, and he has not demonstrated any reason for not raising them then. We

therefore conclude Noorlun's attempt to raise those issues after failing to pursue them in his direct appeal constitutes a misuse of process, and the district court did not err in denying his request for post-conviction relief on those issues.

## III

[¶ 9] Noorlun claims he was denied effective assistance of counsel during his criminal trial, and but for his counsel's failures, he would have been acquitted. He argues the criminal prosecution was about his failure to repay loans, and his trial counsel provided ineffective assistance of counsel because counsel failed to call certain "fact witnesses to demonstrate that the unpaid debt was due to accidental happenings." Noorlun also argues trial counsel provided ineffective assistance because counsel did not retain and call a handwriting expert to challenge Noorlun's signature on the return receipt on the cease and desist order to show that he had not received that order. Noorlun also asserts trial counsel provided ineffective assistance because counsel did not call Noorlun to testify on his own behalf. In the context of his argument about ineffective assistance of trial counsel, Noorlun also claims he did not receive a hearing before the North Dakota Securities Commissioner on the cease and desist order and also mentions the lack of a change of venue and the denial of a speedy trial.

[¶ 10] Proceedings for post-conviction relief are civil in nature and are governed by the North Dakota Rules of Civil Procedure. *Flanagan v. State*, 2006 ND 76, ¶ 9, 712 N.W.2d 602. A petitioner for post-conviction relief has the burden of establishing grounds for relief. *Id.* at ¶ 10. A district court's findings of fact in a post-conviction proceeding will not be disturbed on appeal unless clearly erroneous under N.D.R.Civ.P. 52(a). *Flanagan*, at ¶ 9. In-

effective assistance of counsel is a mixed question of law and fact and is fully reviewable on appeal. *Id.*

[¶ 11] In *Flanagan*, at ¶ 10 (citations omitted and quoting *Heckelsmiller v. State*, 2004 ND 191, ¶¶ 3–4, 687 N.W.2d 454), we outlined the "heavy burden" required for a petitioner to prevail on a post-conviction claim for ineffective assistance of trial counsel:

> The Sixth Amendment of the United States Constitution, made applicable to the states through the Fourteenth Amendment, and Article I, § 12 of the North Dakota Constitution guarantee a criminal defendant effective assistance of counsel. In accord with the test established by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 [104 S.Ct. 2052, 80 L.Ed.2d 674] ... (1984), a defendant claiming ineffective assistance of counsel has a heavy burden of proving (1) counsel's representation fell below an objective standard of reasonableness, and (2) the defendant was prejudiced by counsel's deficient performance. "Effectiveness of counsel is measured by an 'objective standard of reasonableness' considering 'prevailing professional norms.'" The defendant must first overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Trial counsel's conduct is presumed to be reasonable and courts consciously attempt to limit the distorting effect of hindsight.
>
> The prejudice element requires a defendant to "establish a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different." Not only does a criminal defendant have "the heavy, demanding burden of proving counsel's assistance was ineffective," a defendant claiming ineffective assistance of counsel

"must specify how and where trial counsel was incompetent and the probable different result." A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."

[¶ 12] On appeal, we do not second guess matters of trial tactics, such as the decision to call certain witnesses, hire private investigators, or how to question certain witnesses. *State v. Austin*, 2007 ND 30, ¶ 32, 727 N.W.2d 790; *Rummer v. State*, 2006 ND 216, ¶ 12, 722 N.W.2d 528. "Strategic choices by trial counsel 'made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable'." *Rummer*, at ¶ 12 (quoting *State v. Schlickenmayer*, 364 N.W.2d 108, 112 (N.D.1985)). As to the matters of trial strategy, courts do not impose their collective judgment upon trial counsel, or apply the distorting effect of hindsight. *Rummer*, at ¶¶ 10, 13. Merely because a defendant does not prevail in a criminal prosecution that involves strategic choices by trial counsel does not mean those choices constitute ineffective assistance of counsel.

[¶ 13] Here, the district court decided it was not ineffective assistance of counsel to refuse to ask for a change of venue because that request would have been futile. The court decided it was not ineffective assistance of counsel to refuse to ask for a mistrial because it was the defense's strategy to seek a direct appeal, the appeal was promptly filed at Noorlun's request, and Noorlun did not ask counsel to file a motion for mistrial until after the notice of appeal was filed. The court also decided trial counsel's representation was not ineffective for failing to call fact witnesses, which Noorlun claimed would have shown his intent to repay Jordee, because that intent was not an element of the crime in this state prosecution and those witnesses' testimony would have been irrelevant. The court thus decided trial counsel's failure to call those witnesses did not fall below an objective standard of reasonableness and could not have been prejudicial to Noorlun. The court decided trial counsel's representation was not ineffective for failing to call a handwriting expert to testify that the signature for the receipt of the cease and desist order was not Noorlun's signature, because the failure to adduce that evidence was part of a trial strategy, explaining:

[Trial counsel] testified that while the State's handwriting expert had testified concerning several documents, that he had not testified concerning the receipt at issue. At the time the decision not to retain an expert on this issue was made by [trial counsel], it was anticipated that Noorlun was going to testify at the trial (and, hence, could testify the signature was not his). However, because the State was not able to introduce certain evidence in its case [in] chief, it was decided that Noorlun would not take the stand and would not be subject to cross-examination. The State would not then have a right to present a rebuttal case. This is a clear case of trial strategy. It is a trial strategy that is common. It was a legitimate strategy in this case. Clearly, based upon the transcript of the proceedings, and the numerous and successful objections to evidence raised by [trial counsel], it appeared, at the time, that the strategy was working. This Court cannot and will not engage in hindsight to second guess this strategy at this point.

The court also decided the failure to have Noorlun testify involved trial strategy.

[¶ 14] The evidence supports the district court's findings that the errors Noorlun claims his trial counsel committed were attributable to trial strategy. On appeal, we do not second guess matters of trial strategy, or impose upon trial counsel the distorting effect of hindsight. *Rummer*, 2006 ND 216, ¶¶ 10, 13, 722 N.W.2d 528. We conclude Noorlun failed to establish his trial counsel's performance fell below an objective standard of reasonableness. We therefore affirm the district court's decision that Noorlun did not receive ineffective assistance of counsel.

### IV

[¶ 15] Noorlun argues he was denied a restitution hearing. However, the district court granted Noorlun's request for a restitution hearing, and the record reflects a restitution hearing had been scheduled for January 2007, but was cancelled after Noorlun appealed from the judgment on his post-conviction application. On appeal, the State has not contested Noorlun's right to a restitution hearing after the issuance of the mandate in this case, and we conclude Noorlun's argument about the denial of a restitution hearing is meritless.

### V

[¶ 16] We affirm the judgment denying Noorlun's application for post-conviction relief.

[¶ 17] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.