2008 ND 113

**Gary Dean OLSON, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

**No. 20070071.**

Supreme Court of North Dakota.

June 5, 2008.

Douglas W. Nesheim, Fargo, N.D., for petitioner and appellant.

Leah J. Viste, Assistant State's Attorney, Fargo, N.D., for respondent and appellee.

SANDSTROM, Justice.

[¶ 1] More than thirty years after being convicted of murdering his wife, Gary Dean Olson appeals a district court judgment denying his application for post-conviction relief, arguing the district court should have ordered DNA testing of evidence that cannot be found. We affirm.

I

[¶ 2] Olson was convicted of murdering his wife in 1977 and was sentenced to life in prison. The conviction was affirmed in *State v. Olson*, 274 N.W.2d 190 (N.D.1978).

[¶ 3] In May 2005, Olson applied for post-conviction relief under N.D.C.C. ch. 29–32.1, claiming DNA testing on some of the physical evidence presented at trial would exonerate him. In his application, Olson requested DNA testing on certain items of evidence from trial, including some cigarette butts and bedding. Following Olson's initial application, the legislature added a new section to North Dakota's Postconviction Procedure Act, N.D.C.C. § 29–32.1–15, which allows for

DNA testing of evidence under certain circumstances and which provides:

1. Without limitation on a court's authority to order discovery under section 29–32.1–08, a person convicted of a crime may make a motion for the performance of forensic DNA testing to demonstrate the person's actual innocence if:

 a. The testing is to be performed on evidence secured in relation to the trial which resulted in the conviction; and

 b. The evidence was not subject to the testing because either the technology for the testing was not available at the time of the trial or the testing was not available as evidence at the time of the trial.

2. A person who makes a motion under subsection 1 must present a prima facie case that:

 a. Identity was an issue in the trial; and

 b. The evidence to be tested has been subject to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material aspect.

3. The court shall order that the testing be performed if:

 a. A prima facie case has been established under subsection 2;

 b. The testing has the scientific potential to produce new, noncumulative evidence materially relevant to the defendant's assertion of actual innocence; and

 c. The testing requested employs a scientific method generally accepted within the relevant scientific community. The court shall impose reasonable conditions on the testing designed to protect the state's interests in the integrity of the evidence and the testing process.

Olson supplemented his initial application in August 2006 to include a reference to the new law.

[¶ 4] A hearing on the request for DNA testing was held in September 2006. Olson was the only person to testify at the hearing. He testified that hair, fibers, fingerprints, and a blanket were offered into evidence at trial. He testified he wanted DNA testing to be done on the evidence because DNA testing was not available at the time of trial. The district court denied Olson's request for DNA testing, concluding he did not meet his burden to establish a chain of custody on the evidence to be tested. There was no evidence presented that any of the items were still in existence or had been subject to a sufficient chain of custody to establish they had not been altered in any way.

[¶ 5] Following the court's ruling, the Cass County Clerk of Court discovered some of the evidence received at trial. A hearing was held regarding the discovered trial evidence. Prior to the hearing, the court issued an order stating Olson had the burden of establishing that the evidence had been subject to a chain of custody sufficient to establish it had not been substituted, tampered with, replaced, or altered in any material respect, as required under N.D.C.C. § 29–32.1–15(2)(b). He also had the burden to identify the specific method of DNA testing he was requesting and to establish that the requested testing employs a scientific method generally accepted in the relevant scientific community under N.D.C.C. § 29–32.1–15(3)(c).

[¶ 6] At the hearing, the Cass County Clerk of Court testified she discovered some hair, but was unable to locate the entire contents of the criminal file. She

testified she did not find any bedding or clothing. She testified that evidence is kept for approximately twenty-five years after completion of the sentence. Other trial exhibits were also not found, but Olson's attorney thought only the hair, cigarette butts, bedding, and clothing would have contained DNA. An affidavit from Olson's DNA expert was also submitted at the hearing. The affidavit stated that DNA analysis of the items discovered in the criminal file "would not provide significant probative information and would not satisfy the criteria that additional testing would have the potential to produce new evidence relevant to the defendant's assertion of innocence." Following the hearing, the court concluded that the clerk's testimony regarding the existing evidence met Olson's burden of establishing a chain of custody. The court also concluded that DNA testing of the discovered evidence would not have the scientific potential to produce new, noncumulative evidence material to Olson's assertion of innocence. Therefore, Olson's application for post-conviction relief was denied.

[¶ 7] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 29–32.1–03. Olson's appeal was timely under N.D.R.App.P. 4(d). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 29–32.1–14.

## II

[¶ 8] On appeal, Olson argues that he presented a prima facie case under N.D.C.C. § 29–32.1–15(2) and that the district court erred in limiting the inquiry on DNA testing to only those items found by the clerk of court. He argues he should be allowed to look into the whereabouts of the evidence not found in the criminal file.

 [¶ 9] Post-conviction relief proceedings are civil in nature and are gov-

erned by the North Dakota Rules of Civil Procedure. *Moore v. State,* 2007 ND 96, ¶ 8, 734 N.W.2d 336. The petitioner bears the burden of establishing grounds for post-conviction relief. *Flanagan v. State,* 2006 ND 76, ¶ 10, 712 N.W.2d 602. Whether a prima facie case has been established is a question of law. *Heng v. Rotech Medical Corp.,* 2006 ND 176, ¶ 13, 720 N.W.2d 54. Questions of law are fully reviewable on appeal. *J.P. v. Stark County Social Services Bd.,* 2007 ND 140, ¶ 9, 737 N.W.2d 627.

[¶ 10] The North Dakota legislature adopted N.D.C.C. § 29–32.1–15 in 2005. 2005 N.D. Sess. Laws ch. 289, § 1. Under the statute, it was Olson's burden to establish a sufficient chain of custody regarding the evidence for which he requested DNA testing. The district court concluded that he established a prima facie case with respect to the existing evidence but that testing it would not have the potential to produce new, noncumulative evidence materially relevant to his assertion of innocence.

 [¶ 11] Olson argues he should be allowed to conduct discovery to determine the whereabouts of the evidence not found in the criminal file. He argues he established a prima facie case by showing that the evidence was received at trial and should therefore still be in the State's custody.

[¶ 12] To establish a prima facie case under N.D.C.C. § 29–32.1–15(2)(b), one must present testimony or otherwise show that evidence still exists and has not been substituted, tampered with, replaced, or altered in any material aspect. The clerk of court's testimony regarding the existing evidence was sufficient to establish a prima facie case under N.D.C.C. § 29–32.1–15(2)(b). But Olson was unable to show that the remaining evidence for which he requested testing, apart from its having been received at trial, was subject to a

sufficient chain of custody or was even still in existence. Although the clerk testified it is the court's practice to keep evidence for approximately twenty-five years following the completion of a sentence, we are not aware of any law that requires the State to keep evidence for a specific period of time. We conclude Olson did not establish a prima facie case under N.D.C.C. § 29–32.1–15(2)(b).

[¶ 13] Olson had the opportunity to conduct discovery under N.D.C.C. § 29–32.1–08 of the Postconviction Procedure Act to locate the missing evidence, but there is no evidence indicating he did so. He is unable to seek that remedy on appeal. *See Heng,* 2006 ND 176, ¶ 9, 720 N.W.2d 54 ("We do not address issues raised for the first time on appeal.").

### III

[¶ 14] The district court's judgment is affirmed.

[¶ 15] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.