2010 ND 78

**Jessica DELVO, Petitioner
and Appellant**

v.

**STATE of North Dakota, Respondent
and Appellee.**

No. 20090291.

Supreme Court of North Dakota.

May 11, 2010.

---

Robert N. Quick, Bismarck, ND, for petitioner and appellant. Submitted on brief.

Jacob T. Rodenbiker, Assistant State's Attorney, Bismarck, ND, for respondent and appellee. Submitted on brief.

VANDE WALLE, Chief Justice.

[¶ 1] Jessica Delvo appealed from the district court's order denying her application for post-conviction relief. We affirm. Summary dismissal of the application for post-conviction relief was appropriate because Delvo failed to supplement her application with affidavits or other evidence after being put on notice that the State requested summary disposition, and the State was entitled to judgment as a matter of law.

I.

[¶ 2] In 2005, Delvo pled guilty to possession of marijuana with intent to deliver and possession of drug paraphernalia.

The district court deferred imposition of her sentence for three years and placed her on probation.

[¶ 3] In October 2008, the State filed a petition to revoke Delvo's probation. The State made fourteen allegations, including that she was convicted of ingesting a controlled substance and forgery, used alcohol and marijuana, failed to report to her probation officer, failed to pay court fees, and committed a domestic violence-related simple assault. She was represented by counsel.

[¶ 4] The district court held a probation revocation hearing in November 2008. The district court informed Delvo of her rights. Delvo admitted to four allegations: that she had been convicted of ingesting a controlled substance and forgery, and that she had used marijuana on two occasions. She denied the remaining allegations. Delvo's probation officer testified regarding the allegations to which Delvo did not admit. Delvo testified, as well. During Delvo's testimony, the hearing concluded and was continued to March 2009.

[¶ 5] At the March hearing, the State dismissed the allegations to which Delvo had not admitted. On March 27, 2009, the district court issued its order revoking Delvo's probation, based on Delvo's admission to four of the allegations. The district court did not refer to the probation officer's testimony in its order. The district court also issued an amended criminal judgment for Delvo's previous conviction of possession of marijuana with intent to deliver, sentencing her to five years in the custody of the Department of Corrections and Rehabilitation.

[¶ 6] On June 30, 2009, Delvo applied for post-conviction relief from the amended criminal judgment. She first asserted her admissions at the probation revocation hearing were unlawfully induced or not

made voluntarily with understanding of the nature of the charge and the consequences of the admissions. She argued the State dismissed numerous allegations for scheduling purposes, and her character and expert witnesses were unavailable due to flooding. Second, she claimed her admissions were obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to her. She explained she had information, that the State also possessed, showing she had been sober for nine months. Finally, Delvo claimed she was denied effective assistance of counsel. She asserted her probation officer had committed perjury during the hearing, and her attorney did not pursue charges against him.

[¶ 7] On July 22, 2009, the district court scheduled a hearing on Delvo's application for October 23, 2009. On August 5, 2009, the State filed its response to Delvo's application. The State asked the district court to summarily dismiss Delvo's application in its response. No separate motion was made by the State. The State argued, "In this case, even if all the allegations asserted by the Petitioner are valid, the claims do not rise to the level required for the Court to grant the Petitioner's application." Delvo did not amend her application with affidavits or any other evidence.

[¶ 8] The district court did not hold a hearing on Delvo's application for post-conviction relief. On September 18, 2009, the district court summarily dismissed Delvo's application. The district court found there were no genuine issues of material fact and the State was entitled to judgment as a matter of law.

## II.

[¶ 9] On appeal, Delvo argues she was entitled to an evidentiary hearing and the district court erred by summarily dismissing her application. In response, the State argues there were no genuine issues of material fact and the State was entitled to judgment as a matter of law.

[¶ 10] "Post-conviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure." *Clark v. State*, 2008 ND 234, ¶ 11, 758 N.W.2d 900 (quoting *Sambursky v. State*, 2008 ND 133, ¶ 7, 751 N.W.2d 247). This Court reviews a summary denial of an application for post-conviction relief similar to an appeal from a summary judgment. *Henke v. State*, 2009 ND 117, ¶ 9, 767 N.W.2d 881 (citing *Berlin v. State*, 2005 ND 110, ¶ 6, 698 N.W.2d 266). "The party opposing the motion for summary disposition is entitled to all reasonable inferences at the preliminary stages of a post-conviction proceeding and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact." *Id.* (quoting *Berlin*, at ¶ 6).

[¶ 11] Section 29–32.1–04, N.D.C.C., describes the necessary contents of an application for post-conviction relief:

1. The application must identify the proceedings in which the applicant was convicted and sentenced, give the date of the judgment and sentence complained of, set forth a concise statement of each ground for relief, and specify the relief requested. Argument, citations, and discussion of authorities are unnecessary.

2. The application must identify all proceedings for direct review of the judgment of conviction or sentence and all previous postconviction proceedings taken by the applicant to secure relief from the conviction or sentence, the grounds asserted therein, and the orders or judgments entered. The application must refer to the portions of the record of prior proceedings perti-

nent to the alleged grounds for relief. If the cited record is not in the files of the court, the applicant shall attach that record or portions thereof to the application or state why it is not attached. Affidavits or other material supporting the application may be attached, but are unnecessary.

▮ [¶ 12] Section 29–32.1–09(1), N.D.C.C., allows for summary dismissal of an application for post-conviction relief:

The court may grant a motion by either party for summary disposition if the application, pleadings, any previous proceeding, discovery, or other matters of record show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.

A petitioner must support his or her application with evidence if the State moves for summary dismissal. *Henke*, 2009 ND 117, ¶ 11, 767 N.W.2d 881 (citing *State v. Bender*, 1998 ND 72, ¶ 20, 576 N.W.2d 210). We have explained:

A petitioner is not required to provide evidentiary support for his petition until he has been given notice he is being put on his proof. At that point, the petitioner may not merely rely on the pleadings or on unsupported, conclusory allegations, but must present competent admissible evidence by affidavit or other comparable means which raises an issue of material fact. If the petitioner presents competent evidence, he is then entitled to an evidentiary hearing to fully present that evidence.

*Id.* (quoting *Ude v. State*, 2009 ND 71, ¶ 8, 764 N.W.2d 419). If the State shows there is no genuine issue of material fact, then the district court can summarily dismiss the application. *Id.* at ¶ 12 (citing *Vandeberg v. State*, 2003 ND 71, ¶ 5, 660 N.W.2d 568). "A genuine issue of material fact exists if reasonable minds could draw different inferences and reach different conclusions from the undisputed facts." *Id.* (quoting *Vandeberg*, at ¶ 5).

### III.

▮ [¶ 13] Delvo argues the district court erred by summarily dismissing her application for post-conviction relief and not allowing her an evidentiary hearing to develop evidence for her claims. Delvo cites *State v. Bender* for the proposition that a hearing should be held when a post-conviction relief applicant alleges ineffective assistance of counsel, especially when counsel's deficiency relates to events off the record. *State v. Bender*, 1998 ND 72, ¶ 21, 576 N.W.2d 210. Our case law requires, however, that when a post-conviction relief applicant is put to his or her proof, he or she must supplement the application with affidavits or other evidence. *Henke*, 2009 ND 117, ¶ 11, 767 N.W.2d 881 (citing *Ude*, 2009 ND 71, ¶ 8, 764 N.W.2d 419) (requiring a petitioner present competent admissible evidence after being put to his or her proof). Although the district court cancelled the hearing on Delvo's application after the State requested summary disposition, Delvo does not dispute she was put on notice the State was putting her to her proof. Delvo also does not argue the State should have requested summary disposition by motion, rather than in its response. *See* N.D.C.C. § 29–32.1–09(1) (stating a district court can grant a motion by either party for summary disposition of a post-conviction relief application). Delvo was required to supplement her application. Because she did not supplement her application to show there was a genuine issue of material fact, summary disposition was appropriate.

### IV.

[¶ 14] The district court found the State was entitled to judgment as a matter

of law. Delvo claimed in her petition that the State "[d]ismissed numerous allegations to avoid rescheduling." This claim does not address whether her admissions to four of the allegations were voluntary. The district court verified that no one had made any threats or promises to Delvo in return for her admissions, she was not under the influence of alcohol or drugs, and her admissions were made voluntarily. The district court properly determined the State was entitled to judgment as a matter of law with regard to this claim.

[¶ 15] Delvo also claimed the State had access to information that showed she had been sober for nine months. She also asserted she possessed the information. The district court noted, "The State correctly argues that information was available to Ms. Delvo at the time of the hearing. The State did not withhold it." The district court correctly stated the State was entitled to judgment as a matter of law with regard to this claim.

[¶ 16] Finally, Delvo argued in her application that she received ineffective assistance of counsel because her attorney did not pursue perjury charges against her probation officer. This Court has explained a petitioner's "heavy burden" when claiming ineffective assistance of counsel:

A defendant claiming ineffective assistance of counsel has a heavy burden of proving (1) counsel's representation fell below an objective standard of reasonableness, and (2) the defendant was prejudiced by counsel's deficient performance. Effectiveness of counsel is measured by an objective standard of reasonableness considering prevailing professional norms. The defendant must first overcome the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Trial counsel's con-

duct is presumed to be reasonable and courts consciously attempt to limit the distorting effect of hindsight.

*Clark*, 2008 ND 234, ¶ 12, 758 N.W.2d 900 (quoting *Patten v. State*, 2008 ND 29, ¶ 9, 745 N.W.2d 626) (internal alterations, citations, and quotations omitted). The district court noted Delvo "voluntarily made the admissions which caused her probation to [be] revoked." The probation officer's testimony did not contribute to Delvo's probation being revoked, because the allegations to which he was testifying were dismissed by the State. The district court properly determined the State was entitled to judgment as a matter of law with regard to this claim.

V.

[¶ 17] We affirm the district court's order summarily dismissing Delvo's application for post-conviction relief.

[¶ 18] DALE V. SANDSTROM, and MARY MUEHLEN MARING, JJ., concur.

CROTHERS, Justice, dissenting.

[¶ 19] I respectfully dissent.

[¶ 20] The dispositive issue is whether the district court erred in summarily dismissing Delvo's application for relief. The majority holds dismissal was proper because Delvo was put on her proof by an allegation in the State's answer claiming:

"The State is entitled to a summary disposition on the issue of Post–Conviction Relief in this case as there are no factual disputes at issue. A trial court may summarily dispose of an application for Post–Conviction Relief if there is no genuine issue of material fact and the party requesting summary disposition is entitled to judgment as a matter of law. N.D.C.C. § 29–32.1–09(1); *Vandenberg [sic] v. State*, 2003 ND 71, ¶ 5, 660

N.W.2d 568. In a motion for summary disposition, the initial burden is on the moving party to demonstrate that there is no genuine issue of material fact, after which the burden shifts to the non-movant to prove otherwise. *Id.* A genuine issue of material fact exists if reasonable minds could interpret the undisputed facts to reach different conclusions. *Id.* In this case, even if all the allegations asserted by the Petitioner are valid, the claims do not rise to the level required for the Court to grant the Petitioner's application."

The State's answer concluded, "Based upon the foregoing, the State respectfully requests that the Court summarily deny the Defendant's Motion for Post–Conviction Relief as the petitioner has raised no genuine issue of material fact upon which the Court could grant her motion."

[¶ 21] The majority accepts the State's argument and comments, "Delvo does not dispute she was put on notice the State was putting her to her proof. Delvo also does not argue the State should have requested summary disposition by motion, rather than in its response." Majority Opinion at ¶ 13. Delvo had no chance to make *any* argument in the district court because her action was dismissed without notice and without a motion by the State. I agree Delvo did not explicitly argue on appeal that she was not put on notice or that the district court erred by treating the State's answer as a motion. However, Delvo did argue the district court erred by summarily dismissing her application without allowing the case to proceed to the scheduled trial, where she would have had the opportunity to prove her case. Regardless of how Delvo framed her argument on appeal on this basic issue, we do not, or at least should not, have the luxury of deciding the case while ignoring applicable law. *See, e.g., Johnson v. State,* 2005 ND 188, ¶ 7, 705 N.W.2d 830 (reversing grant of summary judgment despite appellant's faulty argument relying on incorrect deadline).

[¶ 22] Here, the legal effect of the majority's decision is that Delvo was put to her proof by nothing more than allegations in the State's answer. That conclusion runs counter to N.D.C.C. ch. 29–32.1 and counter to the Rules of Civil Procedure because Delvo's application was not required to contain evidence proving her claims and because neither law permits nor requires Delvo to respond to an answer with evidence by which she could have provided her proof.

[¶ 23] The record shows Delvo's action was commenced by filing on June 30, 2009. The application was followed by Delvo's requests for discovery from the State. The State did not serve or file a timely answer. Nor did the State timely respond to Delvo's discovery requests. On July 22, 2009, the district court provided notice the case was set for trial on October 23, 2009. On August 5, 2009, the State finally filed its answer, which included the allegations reiterated above that Delvo's application should be summarily dismissed.

[¶ 24] Without a motion to summarily dismiss, without notice to Delvo that she had been put to her burden of proof and without any mechanism authorized by our Rules of Civil Procedure or by N.D.C.C. ch. 29–32.1 for Delvo to supply her proof, the district court examined the record then before the court. Based on that examination, on September 21, 2009, the district court filed its "Order on Post Conviction Relief," summarily dismissing Delvo's application. Her notice of appeal was filed on October 2, 2009. The record is silent about what happened to the October 23, 2009 trial, but it was likely canceled as moot after Delvo's opportunity to factually support her application was extinguished

by summary dismissal. Review of the law demonstrates that dismissal was legal error.

[¶ 25] A post-conviction relief action is commenced with filing of the application. N.D.C.C. § 29–32.1–03. An application must contain certain allegations. N.D.C.C. § 29–32.1–04(1) and (2). But "[a]rgument, citations and discussion of authorities are unnecessary." N.D.C.C. § 29–32.1–04(1). The majority recognizes, and our case law confirms, that evidence in support of an application is not required until the applicant "has been given notice he is being put on his proof." Majority Opinion at ¶ 12 (quoting *Henke v. State*, 2009 ND 117, ¶ 11, 767 N.W.2d 881).

[¶ 26] The State is permitted to respond to an application by an answer or by a motion to dismiss. N.D.C.C. § 29–32.1–06. Here, the State chose to answer and included in the answer an allegation that the application should be summarily dismissed. The legislature has specified when an application can be summarily dismissed:

> The court may grant a *motion* by either party for summary disposition if the application, pleadings, any previous proceeding, discovery, or other matters of record show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.

N.D.C.C. § 29–32.1–09(1) (emphasis added).

[¶ 27] The legislature did not specify in N.D.C.C. ch. 29–32.1 what constitutes a "motion" in post-conviction relief proceedings. Nor has this Court identified what is a "motion" for purposes of these proceedings. However, we have consistently held that " '[p]ost-conviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure.' *Clark v. State*, 2008 ND 234, ¶ 11, 758

N.W.2d 900 (quoting *Sambursky v. State*, 2008 ND 133, ¶ 7, 751 N.W.2d 247)." Majority Opinion at ¶ 10. *See also Olson v. State*, 2008 ND 113, ¶ 9, 750 N.W.2d 459; *Wheeler v. State*, 2008 ND 109, ¶ 5, 750 N.W.2d 446; *Noorlun v. State*, 2007 ND 118, ¶ 10, 736 N.W.2d 477.

[¶ 28] In North Dakota, civil proceedings are controlled by the North Dakota Rules of Civil Procedure. N.D.R.Civ.P. 1 ("These rules govern the procedure in the district courts in all suits of a civil nature."). The Civil Rules explain what can be considered a "motion":

> "An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefore, and shall set forth the relief or order sought."

N.D.R.Civ.P. 7(b)(1). *See also Black's Law Dictionary* 1036 (8th ed. 2004) (A "motion" is "[a] written or oral application requesting a court to make a specified ruling or order.").

[¶ 29] Rule 7(b) defining a motion must be contrasted with Rule 7(a) describing an answer as one of the forms of pleadings. N.D.R.Civ.P. 7(a). *See also Black's Law Dictionary* at 100 ("Answer" is "[a] defendant's first pleading that addresses the merits of the case, usu. by denying the plaintiff's allegations. An answer usu. sets forth the defendant's defenses and counter claims.") and *Black's Law Dictionary* at 1191 ("Pleading" is "[a] formal document in which a party to a legal proceeding (esp. a civil lawsuit) sets forth or responds to allegations, claims, denials, or defenses.").

[¶ 30] Rule 7(b) on motions also must be compared to Rule 8(b) explaining the role of the answer. Rule 8(b) specifies, "A party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments

upon which the adverse party relies." N.D.R.Civ.P. 8(b). Rule 8(b) then must be read with Rule 12(b) providing that certain defenses can be raised by motion instead of in an answer. Rule 12(b) states, "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, must be asserted in the responsive pleading thereto if one is required, but the following defenses at the option of the pleader may be made by motion...." N.D.R.Civ.P. 12(b).

[¶ 31] The types of defenses that can be raised by a Rule 12(b) motion rather than in an answer are not relevant to this case. Relevant, however, is that while N.D.C.C. § 29-32.1-09 and the North Dakota Rules of Civil Procedure permit certain defenses to be raised by motion instead of an answer, no law permits a defense to be alleged in an answer and then adjudicated as if a motion had been made. The reason for the distinction is important.

[¶ 32] A motion is required to put the district court and the opposing party on notice. "The paramount purpose of Rule 7(b), N.D.R.Civ.P., as well as the other procedural rules governing pleadings and motions, is to inform a party of the nature of the claims being asserted against him and the relief demanded by his adversary." *Vande Hoven v. Vande Hoven*, 399 N.W.2d 855, 859 (N.D.1987). *See also In re N.C.C.*, 2000 ND 129, ¶ 11, 612 N.W.2d 561 (paramount purpose of Rule 7(b) is to give notice of claims brought and relief sought); *Shipley v. Shipley*, 509 N.W.2d 49, 55 (N.D.1993) (paramount purpose of our procedural rules for motions is to give notice of the claims brought and the relief sought by an opposing party); *Gerhardt v. Robinson*, 449 N.W.2d 802, 803-04 (N.D.1989) (when adverse parties are not provided with adequate notice of the nature of the

claim and the relief sought under Rule 7(b), N.D.R.Civ.P., child support could not be modified at a hearing scheduled only for enforcement).

[¶ 33] Given the choice between a constitutional and an unconstitutional application of law, this Court is constrained to select the constitutionally compatible route. *Caldis v. Bd. of County Comm'rs*, 279 N.W.2d 665, 669 (N.D.1979) ("[T]his court will construe a legislative enactment as constitutional if at all possible."). I believe the district court's sua sponte use of the State's answer as a de facto motion deprived Delvo of her due process right to notice and opportunity to respond. *See McWethy v. McWethy*, 366 N.W.2d 796, 798 (N.D.1985) ("Judicial decision on motion of one party, without notice to and opportunity to be heard by the other party, is contrary to fundamental principles of justice and due process, except under exigent or special circumstances with reasonably prompt subsequent notice and opportunity to be heard.").

[¶ 34] Treating the State's answer as a motion also ignores the mandate of Civil Rule 5 that "a written motion, except one that may be heard ex parte" "must be served ... on every party." N.D.R.Civ.P. 5(a)(1)(D). *See also McWethy*, 366 N.W.2d at 798. Reading these cases, rules and statutes together compel the conclusion that, regardless of the vagueness of Delvo's issues on appeal, this Court cannot both honor due process and conclude the State's answer put Delvo to her proof by allegations buried in the State's answer.

[¶ 35] Here, the district court ordered summary dismissal, even though the State failed to file and serve the motion required under Civil Rules 5 and 7 and under N.D.C.C. § 29-32.1-09(1). I believe the procedure used in this case denied Delvo

of her due process right to timely notice that the State's answer was being treated like a motion. The process used in this case also deprived Delvo of any notice that the State's answer would be interpreted as putting her to her proof. Without notice she had been put to her proof, and without a motion to act upon with that proof, Delvo justifiably did nothing but wait for the scheduled trial. Therefore, I would reverse summary dismissal of Delvo's application for post-conviction relief.

[¶ 36] CAROL RONNING KAPSNER, J., concurs.