Filed 11/9/10 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2010 ND 213

Robert L. Johnson, Petitioner and Appellant

v.

State of North Dakota, Respondent and Appellee

Nos. 20090321 & 20090322

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable Richard W. Grosz, Judge.

REVERSED AND REMANDED.

Opinion of the Court by VandeWalle, Chief Justice.

Robert N. Quick, 314 East Thayer, Ste. 200, Bismarck, ND 58501, for petitioner and appellant.

Frederick R. Fremgen, State’s Attorney, 511 2nd Avenue SE, Jamestown, ND 58401, for respondent and appellee.

Johnson v. State

Nos. 20090321 & 20090322

VandeWalle, Chief Justice.

[¶1] Robert Johnson appealed from the district court’s order summarily dismissing his application for post-conviction relief.  Summary dismissal of the application for post-conviction relief was not appropriate because a district court cannot, on its own motion, dismiss an application on the basis of the affirmative defense of res judicata.  We reverse and remand for further proceedings.

I.

[¶2] In 2008, a jury convicted Johnson of two counts of contact by bodily fluids.  The bifurcated  trial consisted of a criminal act phase and a lack of criminal responsibility phase.  We summarily affirmed his conviction.  
State v. Johnson
, 2008 ND 168, 756 N.W.2d 548.  Johnson then applied for post-conviction relief, claiming ineffective assistance of his trial counsel and prosecutorial misconduct for failing to hand over videotapes as evidence. Johnson also claimed his trial counsel kept him from testifying.  The district court denied his application because no genuine issue of material fact existed, and we again summarily affirmed the district court.  
Johnson v. State
, 2009 ND 92, 767 N.W.2d 529.

[¶3] Johnson subsequently wrote a letter to the district court, requesting an evidentiary hearing.  The district court construed this letter as a second application for post-conviction relief and denied the application as res judicata, finding no genuine issue of material fact.  No appeal was taken from that order.

[¶4] The present appeal stems from a third application for post-conviction relief, in which Johnson, without counsel, claimed insufficient evidence as to his criminal responsibility, ineffective assistance by his direct-appeal counsel, and ineffective assistance by his first post-conviction-proceeding counsel.  He also argued misuse of process should not be applied because of his IQ of 79.  Before the State had an opportunity to respond, the district court, on its own motion, summarily dismissed Johnson’s application as res judicata, holding this Court had previously affirmed the sufficiency of the evidence regarding Johnson’s criminal responsibility.  The district court also determined his direct-appeal counsel could not have been ineffective for failing to raise a sufficiency of the evidence argument regarding Johnson’s criminal responsibility, when that counsel did in fact raise a sufficiency of the evidence argument on that appeal.  Finally, the district court found Johnson’s first-application counsel could not have been ineffective for failing to raise an ineffective assistance claim against his direct-appeal counsel because his direct-appeal counsel had challenged the sufficiency of the evidence, which we upheld.  
See
 
State v. Johnson
, 2008 ND 168, 756 N.W.2d 548.

II.

[¶5] Johnson’s principal argument on this appeal is that an evidentiary hearing should have been held by the district court. Johnson also “reasserts” his ineffective assistance of counsel claims against direct-appeal counsel and first-application counsel.  The State argues we should affirm on the basis of res judicata, misuse of process, and Johnson’s failure to produce a genuine issue of material fact.

[¶6] A district court’s findings of fact in a post-conviction relief proceeding will not be disturbed unless clearly erroneous.  
Jacob v. State
, 2010 ND 81, ¶ 10, 782 N.W.2d 61 (citing 
Noorlun v. State
, 2007 ND 118, ¶ 10, 736 N.W.2d 477).  We generally review a summary denial of an application for post-conviction relief similar to an appeal from a summary judgment.  
Delvo v. State
, 2010 ND 78, ¶ 10, 782 N.W.2d 72.  In 
Berlin v. State
, 2005 ND 110, 698 N.W.2d 266, however, we articulated the circumstances when a district court can summarily dismiss an application on its own motion: when the application fails to state a claim upon which relief can be granted.  
Id.
 at ¶ 7.  We warned the district courts to exercise this power “sparingly and with great care to protect the rights of the parties, and the court should dismiss under Rule 12(b) only when certain it is impossible for the plaintiff to prove a claim for which relief can be granted.”  
Id.
 (citing 
Ennis v. Dasovick
, 506 N.W.2d 386, 389 (N.D. 1993)).

III.

[¶7] Johnson argues the district court should have held an evidentiary hearing to explore his claims of both insufficient evidence of his criminal responsibility and ineffective assistance by his direct-appeal counsel and his first-application counsel.  In addition to his claim of insufficient evidence, Johnson’s application alleged his direct-appeal counsel should have challenged the sufficiency of the evidence regarding his criminal responsibility on direct appeal.  And he alleged his first-

application counsel had a conflict of interest in failing to amend the application to include an ineffective assistance of counsel claim against his direct-appeal counsel because both his first-application counsel and his direct-appeal counsel worked in the same firm.

[¶8] The district court summarily dismissed Johnson’s sufficiency of the evidence claim on its own motion as res judicata, believing our previous holding in 
State v. Johnson
, 2008 ND 168, 756 N.W.2d 548 (per curiam) directly disposed of Johnson’s claims.  The district court also rejected Johnson’s ineffective assistance of counsel claims.  It reasoned that Johnson presumably challenged the sufficiency of the evidence concerning his criminal responsibility, and thus his direct-appeal counsel and his first-application counsel could not have provided ineffective assistance for failing to raise an issue that had already been raised and rejected on a previous appeal.  The district court’s order stated:

Contrary to Petitioner’s claim that there has been no review by the North Dakota Supreme Court of the sufficiency of the evidence to support the Jury’s determination that Petitioner did not lack criminal responsibility for his conduct, the North Dakota Supreme Court’s Opinion directly addressed this issue: “. . . Testimony and 
forensic evidence
 presented at the trial support the jury findings . . .” (emphasis added); 
State of North Dakota v. Robert Lee Johnson
, 2008 ND 168 ¶1. . . . As this issue has been previously determined by the North Dakota Supreme Court, it is res judicata and cannot again be raised. . . . It is completely frivolous to claim that Petitioner’s direct Appeal Counsel did not raise an issue that she did in fact raise and which the North Dakota Supreme Court directly ruled upon. It is likewise completely frivolous to claim that Petitioner’s first Post-Conviction Relief Counsel was ineffective in not again raising an issue which, as a matter of law, he cannot raise because it had previously been determined by the North Dakota Supreme Court.

[¶9] Our opinion in that case was per curiam and did not outline specific claims raised by Johnson.  The opinion might have given the district court the impression that we considered Johnson’s sufficiency of the evidence claim as to his criminal responsibility, thus barring his ineffective assistance of counsel claims.  Johnson’s trial consisted of two phases—a criminal act phase and a criminal responsibility phase.  On direct appeal, Johnson’s counsel challenged only the sufficiency of the evidence concerning the criminal act phase.  In our review of that case, we considered only the sufficiency of the evidence as to his criminal act, not his criminal responsibility.  As a result of our limited review, the district court’s impression was clearly erroneous.

[¶10] Furthermore, while the Uniform Post-Conviction Procedure Act allows a district court to deny relief on the grounds of res judicata and misuse of process, it provides that res judicata and misuse of process are “affirmative defenses to be pleaded by the state.”  N.D.C.C. § 29-32.1-12(1), (3).  The statute does not entitle a district court to dismiss a claim on the basis of res judicata or misuse of process on its own motion.  In 
Berlin
, we explained the district court’s ability to dismiss an application for failure to state a claim upon which relief can be granted.  
See
 
Berlin v. State
, 2005 ND 110, ¶¶ 7, 10, 698 N.W.2d 266.  We did not affirm the district court’s ability to dismiss an application, on its own motion, on the grounds of res judicata or misuse of process.  
Id.
  In 
Berlin
, the State had an opportunity to respond and did, in fact, respond to the application for post-conviction relief.  
Id.
 at ¶ 3.  Because the Legislature has expressly made res judicata and misuse of process affirmative defenses to be pleaded by the State, and the State has not yet had the opportunity to respond to the current application, we reverse the district court’s application of res judicata.  The district court’s erroneous impression and application of res judicata concerning Johnson’s claim of sufficiency of the evidence renders its reason for dismissing Johnson’s claims of ineffective assistance of counsel erroneous as well.

IV.

[¶11] We hold the district court erred by summarily dismissing Johnson’s claims on the basis of the affirmative defense of res judicata.  We reverse the district court’s order summarily dismissing the application and remand for further proceedings consistent with this opinion, including an opportunity for the State to answer Johnson’s application.

[¶12] Gerald W. VandeWalle, C.J.

Dale V. Sandstrom

Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner